[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION ON FURTHER EVIDENTIARY HEARINGPURSUANT TO MOTION TO VACATE ARBITRATION AWARD
Plaintiff Hartford Steam Boiler Inspection Insurance Co. (HSB) in its amended application to vacate an arbitration award dated May 30, 1996 seeks the right to take depositions or other CT Page 5496-MMM discovery with respect to its application. On June 11, 1996, a hearing was held before this court to determine whether HSB was able to make a preliminary showing that the arbitrators were guilty of evident partiality or misconduct as claimed in the motion to vacate.
HSB essentially offers to show that the members of the arbitration panel
1. engaged in ex parte conversations with representatives of the defendant Industrial Risk Insurance (IRI) and failed to disclose the same
2. arbitrarily refused to grant a postponement of the arbitration hearing
3. that the presiding member of the arbitration panel, Mr. Buckley, made a comment about a witness for the plaintiff which demonstrated his bias against the plaintiff HSB.
— I —
Other claims made in the plaintiff's motion to vacate relate to the selection process of the panel. In a separate case between the parties, No. CV94-0705105, HSB sought an injunction to restrain IRI from proceeding with the arbitration based mainly on the alleged failure of IRI to follow the appropriate panel selection procedures. In a fifty-seven page decision dated October 26, 1995, Judge Corradino concluded that neither "the method for appointment of arbitrators or the panel composition violated Article 9" (of the Reinsurance Agreement) and entered an order compelling the parties to commence arbitration.
Perusal of the decision indicates that Judge Corradino amply considered the claims of improper selection and composition of the panel and rejected the claims of impropriety made by HSB.
— II —
HSB claims that, notwithstanding the Judge Corradino decision, it has the right to address interrogatories to members of the Panel and to depose them to disclose the nature of the claimed ex parte contacts with representatives of IRI and to explore the reasons why they failed to disclose such contacts. HSB claims it reserved its rights CT Page 5496-NNN to litigate the propriety of the selection process and the composition of the panel because Judge Corradino's decision was interlocutory in nature and therefore not appealable and at several points in the long proceedings leading to the actual arbitration it reserved its rights to challenge the panel selection and composition after the arbitration decision.
It is useful to summarize briefly the history and certain key dates in this case and the associated cases.
This litigation arose out of a loss in a Monsanto plant in Texas in January, 1992, paid for by IRI, which submitted a claim to HSB its reinsurer. The claim was rejected by HSB on the basis that it had no coverage for the loss under the reinsurance agreement, which had an arbitration clause. After various lawsuits had been instituted by HSB to avoid such arbitration, the parties entered a settlement providing for a three-phased arbitration process. Phase I determined that the Monsanto loss was a boiler and machinery loss insured under the IRI policy. The purpose of the Phase II proceeding is to determine the terms of the reinsurance contract between IRI and HSB. Pursuant to the settlement agreement and the terms of the reinsurance agreement arbitrators were selected under the applicable formula, but before the Phase II arbitration evidentiary hearings commenced, HSB brought action No. CV94-0705105 to restrain the arbitration from proceeding, which action resulted in Judge Corradino's decision of October 20, 1995. The substantive arbitration session under Phase II took place in May, 1996 leading to the arbitration decision of May 17, 1996, but preliminary proceedings had taken place in front of the arbitration earlier including a general session on September 24, 1994. That session was not attended by HSB because of an earlier decision by Judge Corradino in CV94-0705105 dated September 20, 1994. In that case HSB sought to restrain the arbitration proceeding, and the court denied IRI's motions to stay the court proceedings and compel arbitration on the ground that an evidentiary hearing should be held on HSB's claims of improper selection and composition so that these issues could be decided prior to the actual arbitration.
The arbitration panel was established in early 1994 under the initiative of IRI as provided for in the CT Page 5496-OOO agreements and by that time the ex parte contacts alleged by HSB had taken place. HSB conceded that it had knowledge of such contacts at least as of December 1994 and certainly prior to the beginning of the actual arbitration hearings in May, 1996, but failed to raise the issue at any time prior or during these hearings.
— III —
It is fundamental that to preserve a claim involving alleged bias or misconduct of (a judge or) arbitrator, the alleged misconduct must be raised when it comes to the attention of the party making the claim.
In the case of a hearing panel, the allegation should be raised prior to the hearing when possible in order to give the panelist involved an opportunity to recuse himself or refute the allegation.
The various "reservations of rights" pointed to by HSB in various documents with respect to the issue of the selection and composition of the panel, is understandable in the context of the appellate court decision declining to review Judge Corradino's decision because it was interlocutory in nature. However, those reservations cannot preserve a claim of bias or misconduct against one or more arbitrators arising from circumstances known to HSB prior to the arbitration hearing it participated in and in which those allegations were never raised.
"An allegation that an arbitrator was biased, if supported by sufficient evidence, may warrant the vacation of the arbitration award." Vincent Builders v. AmericanApplication Sys., 16 Conn. App. 486, 494 (1988). An arbitrator's participation in ex parte communication with a party or witness, without the knowledge or consent of the other party, may constitute misconduct on the part of the arbitrator sufficient to warrant vacation of an arbitration award, however, such ex parte communications must involve facts, issues or evidence relevant to the subject of the arbitration proceedings. Id., 496.
In Henderson v. Department of Motor Vehicles, 4 Conn. App. 143
(1985), the Appellate Court outlined factors to be considered when determining whether an agency decision CT Page 5496-PPP should be vacated due to ex parte communications. "Improperex parte communications, even when undisclosed during agency proceedings, do not necessarily void an agency decision. Rather, agency proceedings that have been blemished by exparte communications have been held to be voidable. . . . In enforcing this standard, a court must consider whether, as a result of improper ex parte communications, the agency's decision making process was irrevocably tainted so as to make the ultimate judgment of the agency unfair, either to an innocent party or to the public interest that the agency was obligated to protect. Since the principal concerns of the court are the integrity of the process and the fairness of the result, mechanical rules have little place in a judicial decision whether to vacate a voidable agency proceeding. Instead, any such decision must of necessity be an exercise of equitable discretion." Id., 147.
In Dwyer v. Department of Motor Vehicles, Superior Court, judicial district of Waterbury, Docket No. 120327 (April 21, 1995, Sullivan, J., 14 CLR 141), the court found after reviewing the transcript of the trial that the plaintiff's failure to raise any claim of impartiality at the hearing or to seek disqualification of hearing officer, nor to assert that such a claim was made at the hearing, directed at the individual hearing officer, was deemed waived.
In Dragan v. Connecticut Medical Examining Board,223 Conn. 618 (1992), the court held that the plaintiff's failure promptly to seek disqualification of an adjudicator in a motor vehicle license suspension hearing for engaging in ex parte communications with a witness constituted a waiver of such claim.
In Clisham v. Board of Police Commissioners, 223 Conn. 354
(1992), the Supreme Court squarely addressed the issue of timeliness and bias. Stating
 A claim of bias must be raised in a timely manner . . . [t]he failure to raise a claim of disqualification with reasonable promptness after learning the ground for such a claim ordinarily constitutes a waiver thereof. . . . One court has noted that a challenge to a judge for bias and CT Page 5496-QQQ prejudice must be made at the first opportunity after discovery of the facts tending to prove disqualification. . . . To hold otherwise would be to allow a litigant to pervert and abuse the right extended to him at the cost to the other party of unnecessary expenses and labor and to the public of the unnecessary disruption of the conduct of the courts . . . claim of disqualifying bias or partiality on the part of a member of an administrative agency must be asserted promptly after knowledge of the alleged disqualification. Moreover, we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the hearing. (Citations omitted; internal quotation marks omitted.) Id., 367-68.
— IV —
The claim that the arbitrators involved in such exparte discussions should have revealed them sua sponte given the nature of the interview process inherent in the appointment of the arbitrators is too speculative and devoid of any supportive authority to warrant serious consideration.
— V —
Several circumstances relied on by HSB which occurred during various phases of the hearing are not sufficient to justify depositions of the arbitrators to determine if they were guilty of evident partiality or misconduct.
The first, a request to postpone the hearing, made by HSB on September 26, 1994, and denied by the panel, does not have enough substance to warrant serious consideration, since the actual hearing did not commence until May, 1996, and in any event, the decision not to postpone was well within the discretion of the panel.
The second, a series of statements made by Mr. Buckley, the presiding officer of the panel, on May 14, 1996, with reference to repetitive statements of an HSB witness, Mr. Confer, interpreted as unfavorable to the witness, is CT Page 5496-RRR likewise an insufficient basis on which to predicate a claim of partiality or misconduct against the arbitrator.
— IV —
For the above reasons it is found that the claims of HSB of partiality or misconduct of certain arbitrators is insufficient to justify the authorization of discovery or deposition of individual arbitrators in order to develop substantiating evidence for the validity of these claims.
Jerry Wagner State Trial Referee