## MARK MARTONE *v.* BRIAN LENSINK, COMMISSIONER OF MENTAL RETARDATION
### (13891)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued April 4—decision released May 15, 1990

*Lawrence W. Berliner,* for the appellant (plaintiff).

*James P. Welsh,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, for the appellee (defendant).

PETERS, C. J. In this administrative appeal, the sole issue is whether the trial court erred in concluding that the defendant, Brian Lensink, commissioner of mental retardation, has sustained his burden of rebutting

the presumption of prejudice created by an ex parte submission of documents to an administrative hearing officer. These proceedings are the aftermath of our judgment in the first appeal taken by the plaintiff, Mark Martone, in which we ordered a remand for an evidentiary hearing to determine whether the plaintiff had been irreparably prejudiced by the improper submission. *Martone* v. *Lensink,* 207 Conn. 296, 307, 541 A.2d 488 (1988) (*Martone I*). We transferred to this court the plaintiff's present appeal from the trial court's judgment in favor of the defendant. Practice Book § 4023. We find no error.

The underlying history of this case is fully set out in *Martone I.* After an administrative hearing, a hearing officer determined that, despite the plaintiff's objection, the department of mental retardation had acted in his best interest in transferring him to a different group home. Id., 298. In her findings of fact and conclusions of law, the hearing officer noted that she had received, but had not considered, four documents submitted to her, ex parte, subsequent to the conclusion of the hearing. Id. The plaintiff unsuccessfully moved for administrative reconsideration, and lost the administrative appeal in the Superior Court that he brought pursuant to General Statutes § 4-183 (a).[1] That court determined that the plaintiff had not sustained his burden of showing that the ex parte communication had prejudiced his rights. Id., 300.

In the plaintiff's first appeal to this court, we held that the ex parte submission had contravened the requirements of General Statutes § 4-181[2] and con-

---

[1] General Statutes § 4-183 provided, at the time of this case, in relevant part: "APPEAL TO SUPERIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal . . . . "

[2] General Statutes § 4-181 provided, at the time of this case: "COMMUNICATIONS BETWEEN AGENCY MEMBERS AND EMPLOYEES AND PARTIES IN

cluded, in accordance with our intervening decision in *Henderson* v. *Department of Motor Vehicles,* 202 Conn. 453, 457–60, 521 A.2d 1040 (1987), that the burden of proof on the issue of prejudice had to be borne by the agency rather than by the plaintiff. *Martone I,* supra, 301. Accordingly, we ordered a remand for a further evidentiary inquiry to determine "whether the defendant's ex parte submission was in fact prejudicial." Id., 307.[3] In ordering a remand for a further hearing, we directed the defendant to submit to the trial court "whatever evidence may be needed to show that his agency's departure from § 4-183 was a procedural irregularity that did not prejudice the plaintiff." Id. We instructed the defendant that it was his burden "to make an evidentiary showing to rebut an inference of prejudice, by demonstrating either that the hearing officer never read the documents that she received or that their contents did not adversely affect the disposition of the plaintiff's case." Id., 305.

Upon remand, the trial court, *Barry, J.,* over the objection of the plaintiff, granted the defendant's request to offer proof to rebut the inference of prejudice. The court premised its ruling on the direction contained in *Martone I* and the authority conferred on it by § 4-183 (f) to supplement the administrative record "[i]n cases of alleged irregularities in procedure before

CONTESTED CASES. Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate. An agency member may communicate with other members of the agency, and may have the aid and advice of one or more personal assistants."

[3] The plaintiff's earlier appeal to this court; *Martone* v. *Lensink,* 207 Conn. 296, 305, 541 A.2d 488 (1988); challenged only the procedural fairness and not the substantive merits of the hearing officer's decision.

the agency, not shown in the record." The court then conducted a hearing at which the hearing officer testified that she had not read the documents either before or after issuing her decision, and that they had played no part in its outcome. Finding the hearing officer's testimony credible, the court held that the defendant had sustained his burden of proof and rendered judgment for the defendant.

The plaintiff has raised four issues in the present appeal. He maintains that the trial court erred: (1) in permitting the administrative record to be supplemented by the testimony of the hearing officer; (2) in permitting the evidentiary hearing to proceed without disclosure of the contents of the ex parte communication; (3) in concluding that the defendant had sustained his burden of proof on the basis of the testimony of the hearing officer; and (4) in conducting the evidentiary hearing without proper deference to the standards established in *Henderson* v. *Department of Motor Vehicles,* supra. We are unpersuaded.

In our review of these claims of error, we start from the well established principle that, "[i]n carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion." *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260 (1972); *West Haven Sound Development Corporation* v. *West Haven,* 207 Conn. 308, 312, 541 A.2d 858 (1988); *Hartford National Bank & Trust Co.* v. *Tucker,* 195 Conn. 218, 222, 487 A.2d 528, cert. denied, 474 U.S. 845, 106 S. Ct. 135, 88 L. Ed. 2d 111 (1985); *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 794–95, 462 A.2d 1043 (1983); *Mazzotta* v. *Bornstein,* 105 Conn. 242, 243, 135 A. 38 (1926). Application of this principle requires us to reject the plaintiff's first claim of error, since our order of remand in *Martone I,* supra, 307, specifically directed the trial

court to conduct an evidentiary hearing on the issue of the prejudicial impact of the ex parte submission to the defendant's hearing officer.

Despite the plaintiff's contrary contention in his second claim of error, the terms of our remand did not categorically direct the defendant to disclose the contents of the ex parte submission. In our opinion, we envisaged such a disclosure as an alternative if the defendant could not establish that the hearing officer had not read the documents in question. Id., 305. The plaintiff's contention that access to these documents was essential to proper cross-examination of the hearing officer, i.e., to test the veracity of her statement that she had not read the documents in question, is not properly before us, because that claim was not "distinctly raised at the trial." Practice Book § 4185; *Essex Leasing, Inc.* v. *Zoning Board of Appeals,* 206 Conn. 595, 603, 539 A.2d 101 (1988); *Jefferson Garden Associates* v. *Greene,* 202 Conn. 128, 140, 520 A.2d 173 (1987).

The plaintiff's third claim of error challenges the sufficiency of the evidence upon which the trial court relied to conclude that the defendant had rebutted the inference of prejudice arising out of the ex parte submission. Conceding, sub silentio, that we are bound by the trial court's credibility assessment of the testimony of the hearing officer, the plaintiff nonetheless maintains that her statement that she had not read the documents is fatally inconsistent with her earlier acknowledgment that she had sufficiently examined them to be able to identify them by title in her administrative decision. *Martone I,* supra, 298. This argument might have merit if the disclosure of this listing had only lately come to light. We were, however, fully apprised of its existence when we ordered a remand. Id. Had we deemed the identification of these documents by title to be sufficient to compel the inference that the hearing officer had read the documents, we would not have ordered

a further evidentiary inquiry into the hearing officer's conduct. The terms of our mandate therefore refute this claim of error.

The plaintiff's final claim of error alleges noncompliance with the standards established by *Henderson* v. *Department of Motor Vehicles,* supra, and incorporated by reference in our mandate in *Martone I,* supra, 307. The plaintiff identifies three aspects of the *Henderson* guidelines as relevant to this appeal. The first guideline concerns allocation of the burden of proof to the agency to rebut the inference of prejudice from an ex parte submission; clearly, the trial court properly observed this requirement on remand. The second guideline concerns access to the contents of the ex parte submission; we have already discussed the unpersuasiveness of the plaintiff's claim on the present record. Finally, the third guideline questions the admissibility of testimony from the hearing officer in light of the doubt expressed in *Henderson* v. *Department of Motor Vehicles,* supra, 459, about the propriety of subjecting administrative adjudicators "to inquiry concerning the mental process used in reaching a decision." Our order of remand, however, in directing the precise form of the hearing that actually took place, impliedly recognized a distinction between an inquiry into a hearing officer's subjective decision-making process and an inquiry into the objective question of what she had read. We conclude, therefore, that the fact specific hearing that was held, in accordance with our remand, complied with the guidelines of *Henderson* v. *Department of Motor Vehicles,* supra, in the circumstances of this case.

The judgment is affirmed.

In this opinion the other justices concurred.