JOHN N. ADRIANI, SR. *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(14687)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued October 27, 1993—decision released February 15, 1994

*Leon M. Rosenblatt,* for the appellant (plaintiff).

*Charles Krich,* staff attorney, with whom was *Philip A. Murphy, Jr.,* commission counsel, for the appellee (named defendant).

*Susan K. Krell,* with whom were *Peter M. Wendzel* and, on the brief, *Andrew A. Cohen,* for the appellee (defendant United Illuminating Company).

NORCOTT, J. The dispositive issue in this appeal is whether the trial court properly determined that the commission on human rights and opportunities (commission) had applied correctly the reasonable cause standard to the facts of this case. The plaintiff, John N. Adriani, Sr., appeals[1] from the judgment of the trial court dismissing his claims of procedural irregularities during a hearing before the commission. He claims that the trial court: (1) incorrectly determined that the commission's investigator (investigator) had properly applied the standard of reasonable cause in his consider-

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to ourselves pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

ation of the plaintiff's complaint; and (2) improperly refused to allow the plaintiff to elicit testimony from the investigator as to how he had applied the reasonable cause standard to particular factual disputes. We affirm the judgment of the trial court.

The facts of this case were previously set forth in *Adriani* v. *Commission on Human Rights & Opportunities*, 220 Conn. 307, 309–14, 323–25, 596 A.2d 426 (1991). They are summarized briefly as follows: The plaintiff resigned from his position as a buyer for the defendant United Illuminating Company (United Illuminating), after he had been given the choice of resigning or being fired. The plaintiff subsequently filed a complaint with the commission alleging that United Illuminating had violated his rights under General Statutes (Rev. to 1987) § 46a-60 (a) (1)[2] by discriminating against him on the basis of a physical disability. The commission dismissed his complaint without a hearing on the basis of its finding that there was no reasonable cause to believe that a discriminatory practice had been committed by United Illuminating against the plaintiff. The plaintiff appealed to the Superior Court, which (1) denied the plaintiff's motion to supplement the administrative agency record by introducing testimony of the investigator in order to prove alleged procedural irregularities in the commission's disposition of his case, and (2) dismissed his complaint on the grounds that there was substantial evidence in the rec-

---

[2] General Statutes (Rev. to 1987) § 46a-60 (a) (1) provides: "It shall be a discriminatory practice in violation of this section:

"(1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation or physical disability, including, but not limited to, blindness."

ord to support the investigator's finding, adopted by the commission, that there was no reasonable cause to believe that United Illuminating had committed a discriminatory act in violation of § 46a-60 (a) (1). The plaintiff appealed to this court and, upon consideration of his claims, we remanded the case to the trial court with direction to conduct an evidentiary hearing to afford the plaintiff an opportunity to supplement the agency record with evidence of alleged procedural irregularities. Id., 329. Following our remand, the trial court determined that the investigator had understood and applied the standard of reasonable cause to the plaintiff's case correctly, and the plaintiff appealed.

I

The plaintiff first claims that the investigator improperly applied the reasonable cause standard to his case. He argues that evidence introduced at the trial court hearing indicated that the investigator had applied a subjective test rather than an objective test to the facts of his case. The plaintiff further claims that since the trial court's memorandum of decision does not contain a detailed explanation of its conclusion that the investigator had understood and properly applied the reasonable cause standard to his case, this court should review the decision of the trial court de novo. We disagree.

Appellate review of fact bound rulings of the trial court is limited to a determination of whether there has been a clearly erroneous finding of fact. *Einbinder* v. *Board of Tax Review,* 217 Conn. 240, 242, 584 A.2d 1188 (1991); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); see also Practice Book § 4061.[3] "The resolution of conflict-

---

[3] Practice Book § 4061 provides: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly

ing factual claims falls within the province of the trial court." (Internal quotation marks omitted.) *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.,* 219 Conn. 657, 666, 594 A.2d 958 (1991). "This court cannot retry the facts or pass on the credibility of witnesses." *Vesce* v. *Lee,* 185 Conn. 328, 335, 441 A.2d 556 (1981).

In *Adriani* v. *Commission on Human Rights & Opportunities,* supra, 315–17, we held that reasonable cause determinations made pursuant to General Statutes (Rev. to 1987) § 46a-83 require an investigator to consider all reliable probative evidence, including evidence unfavorable to a complainant's claim. We further held that the term "reasonable cause" as used in § 46a-83 is synonymous with the term "probable cause."[4] Id., 316. "Probable cause is a bona fide belief in the existence of facts essential under the law for the action *and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . .* Probable cause is a flexible common sense standard. . . . It deals with probabilities, and the application of the factual and practical considerations of everyday life on which rea-

---

erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.

"If the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision.

"It is the responsibility of the appellant to provide an adequate record for review."

[4] As was noted in *Adriani* v. *Commission on Human Rights & Opportunities,* 220 Conn. 307, 313 n.6, 596 A.2d 426 (1991), General Statutes (Rev. to 1987) § 46a-83 was amended by No. 89-332 of the 1989 Public Acts to provide a statutory definition of the "reasonable cause" standard. Section 46a-83 (a) thereafter provided in relevant part: "As used in this section and section 46a-84, reasonable cause means a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint."

The amended version of the statute does not apply to complaints pending on January 1, 1990, and is therefore not applicable to the present case.

sonable and prudent men act." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id.

At the evidentiary hearing before the trial court, the plaintiff elicited testimony from the investigator. The investigator testified repeatedly that he had understood the reasonable cause standard and had applied it to the facts of the plaintiff's case.[5] The trial court found that the investigator had "fully understood the 'reasonable cause' standard" as it has been interpreted by this court, and that that standard had been applied correctly by the investigator to the facts of the plaintiff's case. The plaintiff cites no authority for his invitation to review this finding of the trial court de novo. We have no reason, therefore, to disturb the trial court's finding.

## II

The plaintiff also claims that the trial court abused its discretion when it prevented him from questioning the investigator about his mental process in applying the reasonable cause standard to the specific facts of the plaintiff's case. He argues that when an investigator has made a finding of no reasonable cause, an inquiry into the specific mental processes used by the investigator in reaching that decision is necessary to facilitate appellate review. We disagree.

In reviewing decisions made by an administrative agency, a reviewing court must sustain the agency's determination if "an examination of the record discloses evidence that supports any one of the reasons

---

[5] For example, the following colloquy took place during the evidentiary hearing in the trial court:

"[The Plaintiff's Counsel]: What does reasonable cause mean?

"[Investigator]: Reasonable cause would mean that upon reviewing all the facts that you found on investigation of a case that you then make a determination based on your analysis . . . whether a person of reasonable rational thought could make a decision [like] that."

given. . . . The evidence, however, to support any such reason must be substantial . . . ." (Internal quotation marks omitted.) *Samperi* v. *Inland Wetlands Agency,* 226 Conn. 579, 588, 628 A.2d 1286 (1993). "[A]n adjudicating official may not ordinarily be subjected to inquiry concerning the mental process used in reaching a decision." *Henderson* v. *Department of Motor Vehicles,* 202 Conn. 453, 459, 521 A.2d 1040 (1987); *Martone* v. *Lensink,* 215 Conn. 49, 54, 574 A.2d 803 (1990).

The plaintiff urges us to allow inquiry into an investigator's subjective impressions of individual pieces of evidence. Such an inquiry, as a practical matter, would allow a litigant to challenge each factual determination of an investigator, and would require a reviewing court to conduct a de novo review of an administrative agency's findings. We have consistently held that de novo review is inappropriate for review of the factual findings of administrative agencies. *DeBeradinis* v. *Zoning Commission,* 228 Conn. 187, 199, 635 A.2d 1220 (1993); *Samperi* v. *Inland Wetlands Agency,* supra, 587; *Calandro* v. *Zoning Commission,* 176 Conn. 439, 440, 408 A.2d 229 (1979). Reasonable cause is determined upon a consideration of all of the evidence. See part I of this opinion. Reasonable cause determinations are not made as to individual facts. Accordingly, the plaintiff's claim is without merit.

The judgment is affirmed.

In this opinion the other justices concurred.