[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case is an administrative appeal from the decision of the Connecticut Commission on Human Rights and Opportunities ("CHRO") dismissing a complaint of employment discrimination filed by Debra Cohen ("complainant") against Deloitte Touche ("employer").
Procedural Background
By a complaint dated July 18, 1994, Debra Cohen complained to the CHRO that on February 7, 1994 she had been fired from a job CT Page 1684 she had held at Deloitte Touche since September 1993. The reason given for the termination was that the complainant had misrepresented her grades from college and law school in her employment application. The complainant stated in her complaint that the real reason for her termination was the fact that several weeks earlier she had complained to two supervisors about a sexually suggestive training videotape and sexually demeaning conduct at a training session in Arizona. Ms. Cohen complained that the termination of her employment constituted discrimination on the basis of sex and that the termination constituted retaliation for opposing discriminatory working conditions in violation of General Statutes § 46a-60 (a)(4).
The employer admitted that on January 5, 1994, Ms. Cohen had complained to instructors about the training video. (Rec. 55, para. 5). The employer further admitted that Ms. Cohen had been advised that the preferable way for her to respond to the behavior of co-workers was to speak to them herself. (Record, 56).
Though the employer hired the complainant in January 1993, it asked her to fill out an application for employment on September 13, 1993, the date she actually started work. A prefatory paragraph on this form stated "Your employment is subject to verification by Deloitte Touche of the representations made on the application and on other documents completed or provided by you. Misrepresentations can be grounds for dismissal." (Record, p. 142.)
The complainant indicated that her grade point average in her undergraduate education at the University of Connecticut was 3.6 out of a possible 4.0. (Record, p. 142.) She indicated that her grade point average at law school was 88.3 out of a possible 99 points. (Record, p. 144.)
On October 13, 1993, the University of Connecticut responded to a verification request from the employer stating that Ms. Cohen's grade point average had been 2.718, not 3.6. (Record, p. 146.) The registrar of Western New England Law School indicated, in a response dated October 4, 1993, that Ms. Cohen's grade point average had been 78.1, not 88.3. (Record, p. 147.)
A CHRO designee reviewed the administrative complaint and the employer's answer and submission and dismissed it upon a determinant that "[t]here is no reasonable possibility that CT Page 1685 investigating the complaint will result in a finding of reasonable cause." The complainant requested reconsideration, pointing out that the employer had shown no interest in her grades when she was hired or when it received the October evidence of her inaccurate report of them until after she had complained in January 1994 about what she considered to be sex discrimination. She urged the CHRO to regard the employer's invocation of this ground as an afterthought developed to hide its desire to be rid of an employee who complained about sex discrimination. (Record, pp. 27-28.)
On reconsideration, the CHRO concluded that there was "no reasonable possibility that investigating the complaint will result in a finding of reasonable cause inasmuch as respondent's allegations are sufficient to create a reasonable likelihood that respondent's articulated non-discriminatory reason(s) is/are true."
The complainant asserts on appeal that the findings and decision of the CHRO are in violation of statutory provisions, arbitrary, capricious, and an abuse of discretion in that
 1) the CHRO failed to conduct a thorough investigation, including inquiry into a) the employer's past practices with regard to discrepancies on applications and b) the events at the training session, and
 2) the CHRO failed to consider whether the employer's asserted reason for terminating her was a pretext.
Aggrievement is not contested, and the court finds that the complainant is aggrieved by the dismissal of her complaint.
Standard of Review
The statutes entrusting enforcement of anti-discrimination statutes to the CHRO were amended by P.A. 94-238 to provide for dismissal of those complaints, inter alia, in which the executive director of the CHRO or her designee "determines that the complaint fails to state a claim for relief or is frivolous on its face, or there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause." General Statutes § 46a-83 (b). "Reasonable cause" in this context means "a bona fide belief that the material issues of fact are such that a person of ordinary CT Page 1686 caution, prudence and judgment could believe the facts alleged in the complaint." General Statutes § 46a-83 (b).
The 1994 amendment to § 46a-83 (b) explicitly permits the CHRO to dismiss a complaint of employment discrimination without conducting a full investigation, since that enactment provides for dismissal where the CHRO determines that there is not a reasonable possibility that an investigation will result in a finding of reasonable cause. The failure to conduct a full investigation therefore is not a ground for setting aside a dismissal. Since the General Assembly did not, however, exempt such reasonable cause determination(s) from the operation of General Statutes § 4-183 (j)(5) and (6), this court must still consider whether the Commissioner's determination is supported by substantial evidence, while recognizing that full investigation is not required pursuant to the amendment allowing for a more surnmary procedure. Connecticut Light Power Co. v.Department of Public Utility Control, 216 Conn. 627, 639 (1990).
The "substantial evidence" standard requires that the administrative decision be upheld "[i]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based its finding." Connecticut BuildingWrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). The substantial evidence standard is satisfied if the record provides a "substantial basis of facts from which the fact in issue can be reasonably inferred." Adriani v. Commission on Human Rights andOpportunities, 220 Conn. 315, citing Lawrence v. Kozlowski,171 Conn. 705, 713 (1976), cert. denied, 431 U.S. 969 (1977).
I. Claims of failure to investigate
As has been indicated above, the plaintiff claims that the CHRO abused its discretion in failing to conduct a complete investigation into all the allegations of her complaint. The legislature has given the CHRO the ability to make the determination that an investigation need not be undertaken because there is no "reasonable possibility that it will result in a finding of reasonable cause."
The plaintiff in this case does not claim that the CHRO neglected to amass sufficient facts to allow it to make its new statutory determination responsibly. Rather, her claim is that while some investigation was undertaken, it was not "thorough and complete." (Complaint, para. 8.) Since the passage of P.A. 94-238 CT Page 1687 relieved the CHRO of the necessity of performing a complete investigation in each case before making a determination of no reasonable cause, this ground of the appeal must be rejected, where, as here, the record reveals that the CHRO elicited a response from the employer and sufficient relevant documentary evidence on which to base its determination as to the utility of a full investigation.
II. Substantial evidence as to pretext
In determining whether a complaint of discrimination in employment is supported by reasonable cause, the CHRO is not limited to determining whether the complainant can make a prima facie case. Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 579, cert. denied, 209 Conn. 813
(1988), cited with approval in Adriani v. Commission on HumanRights and Opportunities, 220 Conn. 307, 315 (1991). Rather, the CHRO must look at the preliminary information as a whole in assessing whether reasonable cause, as defined in General Statutes § 46a-83 (b), is or is not present.
The CHRO had obtained uncontroverted evidence that the plaintiff had misrepresented her academic record substantially in order to appear more successful than was the case. A demonstrated willingness to give false information was apparently viewed by the CHRO as so convincing and adequate a reason for termination of employment that the agency concluded that a reasonably prudent person could not have believed that antipathy to the plaintiff's reaction to sexually offense conduct was the real reason for the employment decision, as alleged in the plaintiff's complaint.
The evidence of misrepresentation was clear and uncontroverted. The agency did not merely accept a report of misrepresentation but inspected the evidence proving that it had occurred. While the timing of the employer's reaction to the misrepresentation and the reported lack of terminations based on such grounds in the past could potentially have led to a different conclusion by the agency as to reasonable cause, the role of this court not to make the determination de novo but to determine whether substantial evidence supported the conclusion reached by the agency. Adriani v. Commission on Human Rights andOpportunities, 228 Conn. 545, 550-57 (1994); Miko v. CHRO,220 Conn. 192, 200-201 (1991); William v. Liquor Control Commission,175 Conn. 409 (1978). CT Page 1688
Claims of sex discrimination in employment and claims of retaliation for opposing such discrimination that arise under the Connecticut Fair Employment Practices Act, General Statutes §46a-60, are adjudicated using the same standards as are applied to cases arising under Title VII of the Civil Rights Act of 1964, as amended. Miko v. CHRO, 220 Conn. 204. Once a complainant makes out a prima facie case of discrimination, if the respondent articulates a legitimate nondiscriminatory reason for its acts, the burden shifts back to the plaintiff to prove that the given reason was a pretext and that a discriminatory motive played a part in the decision. Levy v. CHRO, 236 Conn. 96, 107-108 (1996);Miko v. CHRO, 220 Conn. 205.
The plaintiff objects that the CHRO failed to provide her with an opportunity to how that the misrepresentation was a pretextual reason for her termination.[1] The administrative record reveals that the plaintiff commented in detail in her request for reconsideration about her reasons for urging the CHRO to regard the false statement situation as pretextual. The plaintiff has not identified any information that she possessed but could not submit to the CHRO in order to support her position that the proffered reason for her termination was pretextual and not the real reason for the decision to terminate her employment.
The plaintiff further complains that the CHRO did not consider the issue of pretext. The designee of the executive director who initially considered the plaintiff's complaint made the following explicit finding on the issue of whether the reason given by the employer was pretextual:
 3: Based on a review of the file, how are the facts likely to show that respondent's reason(s) is true or not?
 The facts are likely to show that R's reason is true, in light of the verification forms contained in the case file which reflect that C falsified information pertaining to two separate items on her employment application.
The designee further checked off findings that the following items did not support a conclusion that discrimination was "likely a motivating factor in respondent's adverse decision": direct evidence, comparative evidence, pattern evidence, or statistical evidence. Record, pp. 45-46.)
While the agency clearly did not reach the conclusion that CT Page 1689 the plaintiff favored, the record contains sufficient evidence that the agency considered whether the employer's reason was a pretext offered to disguise a determination in fact made for discriminatory or retaliatory reasons, and that it based its finding on a consideration of the whole situation, including the claim of pretext.
Conclusion
The appeal is dismissed, as the plaintiff has not established any of the grounds alleged in her appeal.
Beverly J. Hodgson Judge of the Superior Court