[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the Appellant is an individual challenging the dismissal of his employment discrimination complaint. The respondent Appellees are his former employer and the State of Connecticut Commission on Human Rights and Opportunities (CHRO).
Mr. Turner was terminated from his employment on December 27, 1994. On May 22, 1995, Mr. Turner filed a complaint with the CHRO alleging illegal employment discrimination on the basis of an alleged physical disability.
The CHRO regional office docketed the complaint and on June 2, 1995, transmitted to the complainant and respondent employer a detailed explanation of its merit assessment review process, mandated by Public Act 94-238. The process for all complaints filed with CHRO after July 1, 1994 requires, within ninety days of the filing of a complaint, a review which will determine whether a complaint should be dismissed or retained (General Statutes § 46a-83, Public Act 94-238).
The review process as explained in the June 2, 1995 transmittal (R. pp. 91-92, 95-96) is based on:
a. the complaint,
 b. the respondent's answer and responses to the Commission's request for information, if any, and,
 c. the complainant's comments, if any, to the respondent's answer and information responses, provided that said response is filed with the Commission within fifteen days of complainant's receipt of respondent's answer and responses. [§ 46a-54-67(b) Regulations of Connecticut State Agencies.]
The employer's answer was mailed to the Complainant on June 30, 1995 and filed on July 3, 1995. The employer's responses to the CHRO requests for information (R.P. 102) were mailed to the Complainant on July 12, 1995 and filed on July 17, 1995 (R.P. 116).
The Complainant did not comment on the employer's CT Page 7849 answer and responses within fifteen days of his receipt of such items.
The CHRO undertook its Merit Assessment Process based on the information available, the complaint and employer responses. The conclusion communicated to Complainant on August 15, 1995, was essentially as follows:
 Further, you are hereby notified that as a result of these activities [Merit Assessment], your complaint has been reviewed out for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause inasmuch as it was determined that you were laid off due to a downsizing of the company. It appears that you and approximately four other non-disabled individuals were laid off at that time. Additionally, you had returned to work without restriction on or about December 19, 1994 so it does not appear that you were disabled at the time of your layoff. You did not refute the response.
The notice advised Complainant of his right to apply for reconsideration within fifteen days, but noted, "Generally, no new documentation or evidence can be considered as only documentation in the case file at the time of dismissal will be reviewed."
The Complainant, on August 28, 1995, filed a "Motion for Reconsideration." Attached to Complainant's motion were evidentiary matters relating to his employment discrimination complaint (R. pp. 65-70).
The employer filed, on August 31, 1995, "Respondent's Motion In Opposition To Complainant's Motion for Reconsideration." Respondent objected to any consideration of the information submitted with Complainant's Motion, and alternatively sought to rebut such information with evidence of its own.
Complainant proposed a further evidentiary submission by letter of September 12, 1995 (R. p. 16).
The CHRO on December 26, 1995 denied the timely request CT Page 7850 for reconsideration. The complainant received notice of this action on December 29, 1995. This represented the final agency action from which this appeal arises.
The Appeal was timely filed on February 9, 1995. The Record was filed on or about February 27, 1996, Appellant's brief on May 23, 1996, and the CHRO Appellee's brief on June 25, 1996. The employer appellee relies on and joins in the CHRO brief. Oral argument was heard on September 16, 1996.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57-58 (1991). Similarly," [w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken" Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope CT Page 7851 of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board ofEducation v. Freedom of Information Commission, 208 Conn. 442,452 (1988).
In its brief Appellant claims that 1) there is no substantial basis in the Record to support the commission's finding of no reasonable cause and 2) the commission's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole Record. The other issues raised in the appeal but not brief are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738
(1992).
In both arguments Appellant relies on decisions which applied General Statutes § 46a-83, prior to its amendment by Public Act 94-238. These cases Dufraine v. CHRO, 236 Conn. 250
(1996) and Adriani v. CHRO, 220 Conn. 307 (Adriani I, 1991), 228 Conn. 545 (Adriani II, 1994). The Dufraine andAdriani decisions involved determinations of "no reasonable cause" pursuant to General Statutes § 46a-83(d). The reasonable cause determination requires the Commission to conduct a complete and thorough investigation. The instant matter to the contrary involves a dismissal under General Statutes § 46a-83 (b) after the preliminary screening or merit assessment determination of whether there is a "reasonable possibility that investigating the complaint will result in a finding of reasonable cause. . . ." A complete and thorough investigation is not contemplated or practical under the time parameters of § 46a-83(b).
Public Act 94-238 substantially amended CHRO procedure and practice. Now, pursuant to General Statutes § 46a-83(b) a review of the file "shall" be accomplished within ninety days of the filing of the complaint. The statute further directs the procedure adopted by the CHRO in its regulations (46a-54-67(b)):
 The review shall include the complaint, the respondent's answer and the responses to the commission's requests for information, if any, and CT Page 7852 the complainant's comments, if any, to the respondent's answer and information responses. If the executive director or his designee determines that . . . there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause, the complaint shall be dismissed.
That procedure was expressly followed in this matter. The respondent's unrefuted information was that the Complainant was not disabled and had been laid off with other employees, based on such evidence it was reasonable to conclude that Complainant could not prove a prima facie case of employment discrimination Ierardi v. CHRO, 15 Conn. App. 569,579, cert. denied, 209 Conn. 813 (1988); or alternatively that Complainant could not demonstrate that the layoff was a pretext for an unlawful grounds for termination. Miko v. CHRO, 220 Conn. 192, 204 (1991), Levyv. CHRO, 236 Conn. 96, 107-08 (1996).
General Statutes § 46a-83 (e) provides the statutory basis for the reconsideration process following either a § 46a-83(d) finding of no reasonable cause or a § 46a-83(b) dismissal. In addition to requiring the request be filed within fifteen days and resolved within ninety days, the statute provides: "The commission shall conduct such additional proceedings as may be necessary to render a decision on the request for reconsideration."
The Complainant proffered additional information in support of its reconsideration motion. None of the additional information addressed the disability issue. The information relating to alleged comments about ability to do the job and being replaced were of questionable reliability and offset by the respondent employer's added information that substantiated the layoff documents.
 The 1994 Amendment to § 46a-83(b) explicitly permits the CHRO to dismiss a complaint of employment discrimination without conducting a full investigation, since that enactment provides for dismissal where the CHRO determines that there is not a reasonable possibility that an investigation will result in a finding of reasonable cause. CT Page 7853
Cohen v. CHRO, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. CV95-0549621, (March 5, 1996 Hodgson, J.) at p. 5.
Similarly, § 46a-83 (e) requires a "reconsider or reject" decision within ninety days of the issuance of a dismissal without a hearing or full investigation. The Regulations of Connecticut State Agencies expressly limit the reconsideration process to the receipt of "new evidence [which] has been discovered which materially affects the merits of the case and which, for good reasons, was not presented during the investigation." Section 46a-54-79 (d)(2).
Appellant offered no reasons why the material presented with his motion of August 25, 1995, was not discoverable and available during the period of the investigation May 22 through early August 1995.
The CHRO advised the Complainant that a full investigation of the complaint would only be conducted if his complaint survived the merit assessment ninety day initial review. The basis of such review was explicitly stated, and included his opportunity to comment on the employer's answer and informational responses. Appellant chose not to submit the additional material until after a dismissal decision. Appellant's procedural rights under General Statutes § 46a-83 have not been denied.
The court must consider whether the CHRO preliminary determination is supported by substantial evidence.Connecticut Light Power Co. v. DPUC, 216 Conn. 627, 639
(1990).
The substantial evidence criteria is satisfied if the Record provides a "substantial basis of facts from which the fact in issue can be reasonably inferred." Lawrence v.Kozlowski, 171 Conn. 705, 713 (1976) cert. denied, 431 U.S. 969
(1977). The "substantial evidence" standard requires that the administrative decision be upheld "if the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). CT Page 7854
The Record contains uncontroverted evidence that the employer lost a major component of his business and laid off a number of employees. The Appellant would have thus had to establish that the layoff was a pretext. The loss of business, distributorships, and the layoffs of nearly all other similarly situated employees, combined with subsequent layoffs by the employer, essentially eliminates any reasonable possibility of the Appellant establishing reasonable cause that discrimination took place in connection with the loss of his employment. The Court is not to make a determination de novo but rather to determine whether substantial evidence in the Record supports the conclusion reached by the commission. Adriani v. CHRO,
supra 228 Conn. 550-57 (1994); Miko v. CHRO, supra 220 Conn. 200-201 (1991).
The Appeal is dismissed.
Robert F. McWeeny, J.