[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Barbara Sands, filed a complaint alleging race and age based discrimination against the defendants, Ridgeview Health Care Center, Inc. (Ridgeview) and Apple Health Care, Inc. (Apple), with the defendant, Commission on Human Rights and Opportunities (CHRO). CHRO issued a finding of no reasonable cause to believe the plaintiff was discharged because of race or age. The plaintiff's appeal from that decision to this court is authorized by General Statutes § 46a-94a which provides that "any complainant aggrieved by the dismissal of his complaint by the commission may appeal therefrom in accordance with section4-183. . . ."
The plaintiff, a fifty-four year old African American female, had filed an Affidavit of Illegal Discrimination with the CHRO on February 10, 1997. (Return of Record (ROR). pp. 67-69.) The plaintiff alleged that she had been discharged from her position CT Page 12491 as a nurse by Ridgeview/Apple because of her race, color and age in violation of General Statutes §§ 46a-60 (a)(1), 46a-60
(a)(5), Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634. (ROR, p. 67.)
CHRO sent requests for information to the respondents concerning the plaintiff's employment history and the respondent's business. On March 22, 1997, Ridgeview filed an answer and lengthy responses to the CHRO's requests for information. (ROR, pp. 161-221.) Ridgeview denied discriminating against the plaintiff and stated that it terminated the plaintiff because of a "severe infraction," patient abuse, for which immediate termination was mandated under its employment handbook. (ROR, p. 195.) The plaintiff then replied to Ridgeview's responses. The matter was assigned to an investigator who, after reviewing the materials on file, determined that there was a reasonable possibility that a finding of cause could be made. (ROR, pp. 89-94.)
Pursuant to General Statutes § 46a-83(c), the CHRO determined that the most appropriate method for processing the complaint was to conduct a fact-finding conference, which was held on August 29, 1997. Testifying at the hearing were the plaintiff and several witnesses for Ridgeview: Brian Bedard, Administrator; Tracy Wodatch, R.N., Director of Nursing; Sharon Kamens, R.N., Primary Care Nurse for Mrs. Caroline Faraci; and Laura Jones, R.N., Assistant Director of Nursing. After reviewing all documentary material in the file and listening to the witnesses, Attorney Thomas Mullins, the CHRO Investigator, issued a draft finding in which he propoed to dismiss the plaintiff's complaint for no reasonable cause. (ROR, pp. 74-87.) Pursuant to General Statutes § 46a-83(d), the draft was submitted to the parties for comment. The plaintiff filed no comment.
On September 30, 1997, the CHRO dismissed the plaintiff's complaint on the ground that there was no reasonable cause to believe that a discriminatory act had occurred. (ROR, pp. 4-14.) The CHRO's dismissal of the complaint provides the subject for this administrative appeal.
Here, the plaintiff seeks a remand to the CHRO based on the following arguments: A. The investigator's finding of fact that there was only one respondent was an abuse of discretion; B. The investigator improperly failed to consider the evidence supplied CT Page 12492 in the plaintiff's reply to the defendant's Ridgeview's and Apple's response to the complaint; C. The fact-finding hearing was conducted with unlawful procedure; D. The investigator used an incorrect standard when determining if there was reasonable cause to warrant a hearing; E. The investigator's finding that the respondent did not treat other individuals similarly situated to the complainant differently than her was clearly erroneous and an abuse of discretion.
It is axiomatic that the scope of the courts review of an agency's decision is very restricted. Pet v. Dept. of HealthServices, 228 Conn. 651, 660 (1994). General Statutes § 4-183(j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . ."
Furthermore, "[j]udicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . .." (Citations omitted; internal quotation marks omitted.) Connecticut Light Power Co. v. Dept. of PublicUtility Control, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court. . . to retry the case or to substitute its judgment for that of the administrative agency." (Internal quotation marks omitted.) Id., 57. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken. . . ." (Citations omitted.) Hospital of St. Raphael v. Commission onHospitals Health Care, 182 Conn. 314, 318 (1980).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or CT Page 12493 an abuse of discretion. . . ." (Citations omitted.) United ParcelService, Inc. v. Administrator, Unemployment Compensation Act,209 Conn. 381, 385-86 (1988). "Ultimately, the question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the action taken." (Brackets omitted; internal quotation marks omitted.)Miko v. Commission on Human Rights Opportunities,220 Conn. 192, 201 (1991).
In the present case, the plaintiff first argues that the investigator's finding of fact that there was only one respondent was an abuse of discretion and clearly erroneous. On the face of the complaint, the plaintiff listed both Ridgeview Health Care, 156 Berlin Road, Cromwell, Connecticut and Apple Health Care, 21 Waterville Road, Avon, Connecticut, as the respondents. However, all of the substantive allegations of discrimination involve personnel employed at Ridgeview. (ROR, pp. 67-69.) The incident which led to her termination occurred "during a regular scheduled morning meeting at Ridgeview Health Care in Cromwell, Connecticut." (ROR, p. 68.) The plaintiff's amended affidavit also makes no mention of Apple and charges no act of discrimination by it. (ROR, p. 72.) The plaintiff's charge of discrimination filed with the U.S. Equal Employment Opportunity lists only "Ridgeview Health Care/Apple Health Care" in Cromwell, Connecticut. (ROR, p. 223.) Apple is located in Avon, Connecticut. (ROR, p. 67.) Moreover, the plaintiff never charged Apple with the commission of a discriminatory employment practice.
Likewise, the plaintiff states in her brief that she also was terminated from Highview Health Care, Inc. (Highview), when she was terminated from Ridgeview. However, neither her affidavit nor amended affidavit makes any mention of her termination from Highview.
The argument that the plaintiff was employed by Apple as a separate entity is belied not only by the particulars of the complaint, but also by the evidence. The Connecticut Supreme Court "has repeatedly held that it is the charges contained in the complaints . . . that "frame the issues to be decided by the hearing tribunal. Groton v. Commission on Human Rights Opportunities, 169 Conn. 89, 99, 362 A.2d 1359 (1975);Veeder-Root Co. v. Commission on Human Rights Opportunities,165 Conn. 318, 329, 334 A.2d 443 (1973). . . ." (Citations omitted.)West Hartford v. Commission on Human Rights Opportunities, CT Page 12494176 Conn. 291, 297 (1978).
The plaintiff's suspension on January 31, 1997, was from Ridgeview as contained on a Ridgeview Disciplinary Action form. (ROR, p. 196.) Her unemployment compensation benefits were gained from Ridgeview, which was listed as her employer in the Employment Security Appeals Division decision. (ROR, pp. 100-03.) Moreover, Apple is a separate corporation with no relation to Ridgeview, except to perform certain management functions on a limited basis. There is no express contractual relationship between the two. (ROR, p. 159.) The plaintiff has failed to demonstrate in any way that Apple committed a discriminatory employment practice against her. Therefore, the plaintiff's argument that Apple should have been found to be a respondent must fail.
Concerning the investigator's finding that there was only one respondent, the plaintiff also argues that the investigator failed to consider the contradictory evidence which she presented. The investigator accepted the affidavit of Jack Boynton, Director of Human Resources, who stated that he had never met the plaintiff and did not know that she was a black woman in her fifties when he made the decision to terminate her. (ROR, p. 195.) But it was the CHRO investigator's duty and "prerogative to assess the credibility of the witnesses and believe or disbelieve any evidence presented. . . ." (Citations omitted.) Levy v. Commission on Human Rights Opportunities,35 Conn. App. 474, 489 (1994), affirmed, 236 Conn. 96 (1996). Here, as in Adriani v. Commission on Human Rights Opportunities,220 Conn. 307, 317 (1991) (Adriani I), the investigator was presented with the respective versions of the events by the parties and chose to accept the employer's version. It is not the responsibility of this court, in reviewing an administrative action, to "retry the facts or pass on the credibility of witnesses. . . ." (Citation omitted.) Adriani v. Commission onHuman Rights Opportunities, 228 Conn. 545, 549 (1994).
Here, the plaintiff also alleges that "the fact finding hearing was conducted with unlawful procedure" in that the investigator considered testimony from a witness, Ms. Wodatch, who was not present at the incident with the patient and the investigator allowed testimony from that witness and another from notes. Concerning the hearsay from Ms. Wodatch, the investigator did hear testimony about the incident from three eyewitnesses: Brian Bedard, Sharon Kamens and Laura Jones. (ROR, pp. 10-11.) CT Page 12495 Morever, the CHRO investigator was entitled to rely on some hearsay statements. "It is well established that, even at the hearing stage of adjudicative proceedings by agencies, hearsay is admissible. . . ." Adriani v. Commission on Human Rights Opportunities supra, 220 Conn. 319 n. 11. The plaintiff's claims about the notes are unclear. But there is nothing in the record to indicate that Wodatch testified from notes. While the other witness, Sharon Kamens, had notes with her, the record does not reflect that she testified from the notes. Of course, a witness is entitled to refresh his or her recollection during testimony. There was no objection by the plaintiff to the testimony during the hearing on this basis. An examination of the record in this regard discloses nothing improper.
The plaintiff argues that the CHRO used an incorrect standard in dismissing her complaint. At the hearing before the investigator, Attorney Mullins, the plaintiff introduced the written record of her appeal to the Unemployment Compensation Commission which arose out of the same incident. There, the Appeals Referee found that the plaintiff was not guilty of wilful misconduct in her treatment of the patient and, therefore, eligible for unemployment compensation benefits. However, even if Ridgeview had wrongly interpreted provisions of state law concerning patients rights as the Appeals Referee found, it does not follow that this misinterpretation was a cover up for illegal discrimination. It was the plaintiff's burden to show that this misunderstanding was, in reality, "a coverup for a . . . discriminatory decision." McDonnell Doualas Corp. v. Green,411 U.S. 792, 805 (1973); see also Morgan v. Massachusetts GeneralHospital, 901 F.2d 186, 189 (1st Cir. 1990).
Here, the plaintiff's responsibilities included training other staff members in patient's rights, the area in which she was found deficient. The plaintiff's job description states that she was to "[f]oster feelings of self worth and respect in residents by treating them with kindness and understanding." (ROR, p. 150.) The record before the investigator evidenced the plaintiff's failure to do so, and disclosed no evidence of discrimination because of race or age.
The plaintiff's final argument that the investigator's finding that the respondent did not treat other similarly situated individuals differently was clearly erroneous and an abuse of discretion is without foundation in the record. Simply stated, the record is devoid of evidence to support the plaintiff's CT Page 12496 argument.
In summary, there is substantial evidence in the record to support the CHRO investigator's conclusion that there was no reasonable cause to believe that a discriminatory act had occurred. Dolgner v. Alander, 237 Conn. 272 (1996).
Accordingly, the plaintiff's complaint is dismissed.
Micheal Hartmere, J.