[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Stephan Rainey, appeals from a January 23, 1997 decision of the defendant, Commission on Human Rights and Opportunities ("CHRO"), dismissing his affidavit of illegal discriminatory practice ("complaint") charging his former employer, the Fairfield Board of Education ("the Board") with discrimination. The complaint alleged that the plaintiff had been terminated illegally by the Board on the basis of his physical disability, multiple sclerosis.
The plaintiffs complaint was filed with the CHRO on October 22, 1996. (Return of Record ("ROR"), pp. 29-31.) On December 5, 1996, the Board filed an answer, position statement and responses to the CHRO's Schedule A requests for information. (ROR, pp. 70-146.)
The complaint alleged that the plaintiff was terminated from his position on the maintenance staff of the Board on July 12, 1996. (ROR, p. 30.) The dispute between the parties centered on whether the plaintiff CT Page 8071 was terminated for cause or because of his disability. The plaintiff claimed the Board knew of his disability before his termination, while the Board in its findings denied such knowledge. (ROR, pp. 30, 71.)
Following the filing of the plaintiffs complaint, the CHRO conducted a review under its merit assessment review program ("MAR program"), General Statutes § 46a-83 (b), to determine whether there was a reasonable possibility that investigating the complaint would result in a finding of probable cause. The CHRO found that, based upon the Board's submissions, there was no such reasonable possibility and dismissed the complaint. The plaintiffs illness, according to the CHRO, was not a motivating factor in his termination. (ROR, p. 27.) See Mendez v. Jednak, 92 F. Sup.2d 58, 65
(D.Conn. 2000.)
The plaintiff filed a request for reconsideration of the CHRO's dismissal of his complaint. The letter seeking reconsideration described meetings between the plaintiff and the staff of the Board occurring relatively soon before his termination at which time the plaintiffs illness was discussed. (ROR, pp. 18-19.) The CHRO rejected the plaintiffs request for reconsideration because the request was untimely. (ROR, pp. 7-9.) The plaintiff has now appealed and is aggrieved due to the dismissal of his complaint under the CHRO's MAR program.
The plaintiff alleges that the CHRO did a faulty job of processing and investigating his complaint. At the hearing in this court, the plaintiff pointed to a document in the record, (ROR, p. 119), that had been submitted to the CHRO by the Board along with its answer on December 4, 1996. This document was a memorial of a disciplinary meeting that had occurred in March 1995 and referred to an "ongoing physical problem" that can sometimes cause "unsteadiness" which had been in remission. (ROR, p. 119.) The plaintiff argues that the CHRO should have investigated, among other things, the discrepancy between the Board's statement that it did not know about the plaintiffs multiple sclerosis at the time of his firing in 1996 and this document from 1995. He also questions the failure of the CHRO to interview him.
In the present case, the CHRO dismissed the plaintiffs complaint under its MAR program, finding that there was no reasonable possibility that further investigation of his complaint would lead to a finding of reasonable cause. The court adopts the standard of review of a MAR decision as set forth in Cohen v. Commission on Human Rights Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549621 (March 1, 1996, Hodgson, J.):
The 1994 amendment to § 46a-83 (b) explicitly permits the CHRO to dismiss a complaint of employment CT Page 8072 discrimination without conducting a full investigation, since the enactment provides for dismissal where the CHRO determines that there is not a reasonable possibility that an investigation will result in a finding of reasonable cause. The failure to conduct a full investigation therefore is not a ground for setting aside a dismissal. Since the General Assembly did not, however, exempt such reasonable cause determination (s) from the operation of General Statutes § 4-183 (j)(5) and (6), this court must still consider whether the [CHRO's] determination is supported by substantial evidence, while recognizing that full investigation is not required pursuant to the amendment allowing for a more summary procedure. . . .
(Citations omitted.)
The plaintiff relies upon Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307 (1991), aff'd, 228 Conn. 545 (1994) in contending that the CHRO should have conducted a more thorough investigation. Addressing Adriani, Judge McWeeny has stated: "[This case is] distinguishable in that [it] did not involve the merit assessment review or preliminary screening process determination. A complete and thorough investigation is not contemplated or practical under the time parameters of § 46a-83 (b)." McDonald v. Commission on Human Rights Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 567160 (November 19, 1997, McWeeny, J.).
Under General Statutes § 46a-83 (b), the plaintiff bears the responsibility for the state of the record at the time of the MAR review. Thomas v. Commission on Human Rights Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 575968 (February 19, 1999, Cohn, J.). Section 46a-54-68 of the Regulations of Connecticut State Agencies, entitled "Complainant's duty to provide information," provides in part:
(a) The complainant, upon receipt of a copy of the respondent's answer has a duty to provide any and all information in her or his possession or obtainable by reasonable means which relates to any contested allegation of the complaint or answer, including all documentary evidence and the names of persons having knowledge of the facts and circumstances alleged to constitute a discriminatory practice. The Commission may require the complainant to clarify or supplement CT Page 8073 any such information, and the duty to provide such information by the complainant shall be a continuing one. . . .
 * * * (c) A complainant is under a continuing duty to amend, supplement or correct any information provided within ten (10) days of discovering additional information relating to the allegations of the complaint or answer as they may have been amended. . . .
The duties imposed by this regulation were also communicated twice to the plaintiff. On October 16, 1996, he received and signed off on CHRO form 103, and was informed that he must provide the CHRO "any other [pertinent] information deemed important necessary by the CHRO." (ROR, pp. 66-67.) On November 4, the CHRO's regional manager wrote to explain the MAR process. The review was to be based in part upon "the Complainant's comments, if any, to the Respondent's answer. . . ." (ROR, p. 63.)
Here, the record demonstrates that on December 5, 1996, the Board responded to the plaintiffs complaint with a packet of information, including the Board's answer, a summary of position, a medical history questionnaire, and a series of disciplinary meeting notes. (ROR, 70-146.) Throughout the packet was the Board's contention that the plaintiff was discharged for reasons unrelated to his physical disability. Included in this material is the disciplinary note indicating that the plaintiff had told his supervisors of a physical problem. The plaintiff did not rebut the response of the Board in any respect.
The CHRO cannot be faulted for its investigatory procedures in the MAR process when the plaintiff has not met his burden to alert the CHRO to any perceived problems with the Board's response. Turner v. Commission onHuman Rights Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 383393 (October 7, 1996,McWeeny, J.); Wallace v. Commission on Human Rights Opportunities, Superior Court, judicial district of New Haven at New Haven, Docket No. 403722 (August 12, 1998, DiPentima, J.) (the CHRO properly did not consider evidence during the MAR that was late and for which no explanation had been given).
As indicated, the court must still evaluate whether there is substantial evidence in the existing record to support the dismissal. "[R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative CT Page 8074 record to support to the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . ." (Citations omitted; internal quotation marks omitted.) Murphy v. Commissioner ofMotor Vehicles, 254 Conn. 333, 343 (2000); see also Domestic ViolenceServices of Greater New Haven v. FOIC, 47 Conn. App. 466, 469-70 (1998) ([T]he trial court may [not] retry the case or substitute its own judgment for that of the [agency]. . . . The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence . . .
While, as the plaintiff claims, there is the reference to a physical problem in the record, (ROR, p. 119), there are also references to poor performance as documented by the Board well before 1996. (ROR, p. 119, 120.) There are references to tardiness and suspensions for not following work rules. (ROR, pp. 121-23, 145.) On July 11, 1996, the day before his termination, while under warning, the plaintiff was observed by his supervisor to be neglecting an assigned maintenance project. (ROR, p. 144.) The plaintiff was terminated only after progressive discipline. (ROR, p. 82.) Other employees had been terminated under similar circumstances. (ROR, p. 83.) No document exists in the record that would show a diagnosis of multiple sclerosis.
The CHRO had the discretion to rely on the evidence in the record to find that the plaintiffs physical disability did not play a significant role in his termination. The complaint was properly rejected under the MAR program. Therefore, the plaintiffs appeal is dismissed.
 ____________________ HENRY S. COHN, JUDGE