## Anthony Henderson v. Department of Motor Vehicles of the State of Connecticut (2146)

Borden, Daly and Hendel, Js.

Submitted on briefs March 15—decision released May 28, 1985

*Ernest F. Teitell* filed a brief for the appellant (plaintiff).

*Joseph I. Lieberman,* attorney general, and *John F. Gill,* assistant attorney general, filed a brief for the appellee (defendant).

HENDEL, J. The adjudications unit of the defendant department of motor vehicles, after a hearing pursuant to General Statutes § 14-111 (c),[1] found that the plain-

[1] General Statutes § 14-111 (c) provides: "The commissioner shall not suspend the license of any operator concerned in any motor vehicle accident resulting in the death of any person solely because such death has occurred, unless the facts as ascertained by the commissioner, after a hearing, indi-

tiff caused or contributed to the death of Stanley Rogers in a motor vehicle accident and ordered that the plaintiff's motor vehicle operator's license be suspended for a period of eighteen months. The plaintiff appealed from that decision to the trial court, which dismissed the appeal. From the judgment rendered thereon, the plaintiff appealed.[2]

The plaintiff claims that the trial court erred in holding that under General Statutes § 4-181,[3] which prohibits an adjudicator from engaging in certain ex parte communications in connection with any issue of fact in a contested case, a showing of prejudice to the rights of the plaintiff is required in order to set aside the adjudicator's decision. We find no error.

As found by the trial court, the administrative record revealed the following facts: The hearing in this matter was held before the adjudicator in two sessions. Before the start of the first session, the adjudicator had an ex parte communication lasting about five minutes with Trooper Thomas A. Brown, the officer who investigated the accident. The adjudicator inquired as to the identity of the operator of the vehicle involved and

cate responsibility on the part of such operator for such accident, and if, after such hearing, the commissioner finds that such operator has caused or contributed to such death through the violation of any provision of this chapter or of chapter 248 or through negligence or carelessness, such suspension shall be for not less than one year. A motor vehicle parked in a manner permitted by law shall not be deemed to be concerned in such accident."

[2] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[3] General Statutes § 4-181 provides: "Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate. An agency member may communicate with other members of the agency, and may have the aid and advice of one or more personal assistants."

looked at photographs. The plaintiff's counsel apparently was aware that a conference of some sort was taking place between the adjudicator and Brown, but at that time made no inquiry as to its nature.

Brown testified at the first session and his full report, including at least thirteen photographs, was admitted in evidence. At the beginning of his cross-examination of Brown, the plaintiff inquired about the ex parte conference with the adjudicator, but made no motion for disqualification of the adjudicator or to abort the hearing.

The second session of the hearing was held three months after the first session. At the second session, the plaintiff called two troopers to testify. After the testimony was completed, the plaintiff moved for a dismissal, claiming that the adjudicator violated General Statutes § 4-181 by having the ex parte conversation with Brown. The adjudicator denied the motion.

The plaintiff appealed to the trial court pursuant to General Statutes § 4-183, which is part of the Uniform Administrative Procedure Act (UAPA). After holding that a showing of prejudice to the plaintiff's rights is required upon noncompliance with § 4-181, the trial court found that there had been no showing that the ex parte communication between the adjudicator and Brown in any way caused injury to the plaintiff and that the action of the adjudicator was a "mere technical violation of Section 4-181." The trial court thereupon dismissed the appeal.

General Statutes § 4-183 (g) provides, in part, that the court may reverse or modify the decision of an agency under the UAPA "if substantial rights of the appellant have been prejudiced because the administrative . . . decisions are: (1) In violation of constitutional or statutory provisions . . . ." The plaintiff claims that any violation of the prohibitions of General

Statutes § 4-181 against ex parte communications abridges the plaintiff's right to a fair and impartial hearing and that no showing of prejudice to his rights is required in order for him to be entitled to relief.

We have found no Connecticut case discussing the effect of improper ex parte communications during an agency proceeding. Other jurisdictions which have considered the question have held, however, that a showing of prejudice to the plaintiff's rights is required before an agency's decision may be vacated and a new hearing ordered.

In *Seebach* v. *Public Service Commission*, 97 Wis. 2d 712, 721, 295 N.W.2d 753 (1980), the Wisconsin Court of Appeals said "that material error occurs when a party not notified of an *ex parte* communication is prejudiced by the inability to rebut facts presented in the communication and where improper influence upon the decision-making appears with reasonable certainty." (Emphasis added.) The court found that the petitioners had not met their burden of proof to demonstrate that receipt of the improper ex parte communication prejudiced them to a material degree.

The United States Court of Appeals for the District of Columbia Circuit, in *PATCO* v. *Federal Labor Relations Authority*, 685 F.2d 547 (D.C. Cir. 1982), extensively reviewed the effect of various ex parte communications between interested persons and members of the federal labor relations authority, which ordered revocation of the exclusive recognition status of the plaintiff Professional Air Traffic Controllers Organization. The court summarized the standard to be applied in cases of ex parte communications as follows: "[I]mproper ex parte communications, even when undisclosed during agency proceedings, do not necessarily void an agency decision. Rather, agency proceedings that have been blemished by ex parte

communications have been held to be *voidable*. . . . In enforcing this standard, a court must consider whether, as a result of improper ex parte communications, the agency's decisionmaking process was irrevocably tainted so as to make the ultimate judgment of the agency unfair, either to an innocent party or to the public interest that the agency was obliged to protect. . . . Since the principal concerns of the court are the integrity of the process and the fairness of the result, mechanical rules have little place in a judicial decision whether to vacate a voidable agency proceeding. Instead, any such decision must of necessity be an exercise of equitable discretion." (Citations and footnotes omitted.) (Emphasis in original.) Id., 564–65. The court agreed with the findings made at an evidentiary hearing that the communications at issue had no effect on the ultimate decision of the authority.

We are persuaded by the reasoning of these cases. We hold that in order to be entitled to relief, a plaintiff must show prejudice to his rights resulting from an ex parte communication which is in violation of General Statutes § 4-181. This conclusion is consistent with Connecticut decisions arising out of other administrative agency hearings, which require that substantial prejudice be shown before invalidating the agencies' decisions due to violations of the UAPA's provisions. See *Connecticut Natural Gas Corporation* v. *PUCA,* 183 Conn. 128, 139, 439 A.2d 282 (1981); *Lawrence* v. *Kozlowski,* 171 Conn. 705, 714, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977).

In the present case, the trial court specifically found that the improper ex parte communication between the adjudicator and the trooper did not in any way cause injury to the plaintiff, and that the result reached by the adjudicator did not impinge upon the integrity of

the administrative process and was fair. There is more than adequate basis in the record to support these findings.

There is no error.

In this opinion the other judges concurred.