ANTHONY HENDERSON *v.* DEPARTMENT OF
MOTOR VEHICLES
(12792)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued December 5, 1986—decision released March 10, 1987

*Ernest F. Teitell*, with whom, on the brief, was *Leora Herrmann*, for the appellant (plaintiff).

*John F. Gill*, assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman*, attorney general, and *Christina G. Dunnell*, assistant attorney general, for the appellee (defendant).

SHEA, J. In this appeal from a decision of the adjudication unit of the department of motor vehicles, suspending the plaintiff's license because of his involvement in a fatal accident, the Appellate Court upheld the judgment of the trial court, *Mulvey, J.*, dismissing the appeal. *Henderson* v. *Department of Motor Vehicles*, 4 Conn. App. 143, 147, 493 A.2d 242 (1985). This court granted the plaintiff's petition for certification limited to the following issue: "When an adjudicator has engaged in ex parte communication in violation of Connecticut General Statute Sec. 4-181, should relief be provided when the record is devoid of evidence tending to prove that the party seeking the relief has been

prejudiced by the communication?" In affirming the trial court's judgment, the Appellate Court held that, "in order to be entitled to relief, a plaintiff must show prejudice to his rights resulting from an ex parte communication which is in violation of General Statutes § 4-181." Id., 147. The trial court had similarly concluded that the failure of the plaintiff to demonstrate prejudice barred relief. We disagree with the view that imposes the burden of proving prejudice upon the plaintiff despite a clear violation of § 4-181. Nevertheless, we affirm the judgment because of the plaintiff's failure to seek disqualification of the adjudicator earlier in the proceeding.

The facts relating to the issues on appeal are not disputed. Pursuant to General Statutes § 14-111 (c), an administrative hearing was conducted by an adjudicator, Attorney Jonas J. Meyer III, on behalf of the department of motor vehicles on June 1, 1982, concerning the suspension of the plaintiff's license to drive as a result of a fatal accident involving a motor vehicle he was found to have been operating at the time of the occurrence. About five minutes before the hearing began, Thomas A. Brown, a state police trooper who had investigated the accident, conversed with the adjudicator concerning the accident in a room behind the hearing room out of the presence of the plaintiff and his attorney. Brown, who was the first witness at the hearing, in response to the plaintiff's inquiries at the start of his cross-examination, admitted that the adjudicator had "wanted to know the facts and the situation surrounding the accident" and had specifically asked for his conclusion "as to who was driving." Brown had expressed his opinion as to the identity of the operator. He and the adjudicator together had also examined the photographs of the accident. The remainder of the extensive cross-examination related to Brown's investigation of the accident.

Because the hearing was not completed on June 1, 1982, another session was held on September 7, 1982, at which the plaintiff presented the testimony of two additional state police officers who had investigated the accident. At the conclusion of the testimony the plaintiff moved to dismiss the proceeding because of the ex parte communication between the adjudicator and Brown before commencement of the hearing. This motion was the first reference to the adjudicator's conversation with Brown since it had been disclosed on cross-examination of that witness three months earlier. The adjudicator denied the motion and later rendered a decision on the merits suspending the plaintiff's license.

I

As the certified question assumes, it is undisputed that the private conference between the adjudicator and Brown before the hearing violated the prohibition in § 4-181[1] of the Uniform Administrative Procedure Act (UAPA) against ex parte communications concerning contested cases by those acting in an adjudicative role on behalf of an agency with any person or party. Relying upon General Statutes § 4-183 (g)[2] of the UAPA,

---

[1] "[General Statutes] Sec. 4-181. COMMUNICATIONS BETWEEN AGENCY MEMBERS AND EMPLOYEES AND PARTIES IN CONTESTED CASES. Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate. An agency member may communicate with other members of the agency, and may have the aid and advice of one or more personal assistants."

[2] General Statutes § 4-183 (g) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In vio-

which authorizes reversal or modification of an agency decision only when "substantial rights of the appellant have been prejudiced," the Appellate Court concluded that, "in order to be entitled to relief, a plaintiff must show prejudice to his rights resulting from an ex parte communication which is in violation of General Statutes § 4-181." *Henderson* v. *Department of Motor Vehicles,* supra. The burden of proving prejudice from an undisputed violation of the statutory prohibition against ex parte communications was thus cast upon the plaintiff. Since nothing in the record indicated that the adjudicator had been influenced adversely to the plaintiff by his conversation with Brown, the Appellate Court affirmed the conclusion of the trial court that the agency decision should be upheld for lack of a demonstration of prejudice. It should be noted that the certified question postulates that "the record is devoid of evidence tending to prove" prejudice.

Although we agree with the Appellate Court that § 4-183 (g) requires that substantial rights of a party be prejudiced before an agency decision may be overturned, even where § 4-181 is violated,[3] we disagree with its view that the burden of proving prejudice rested upon the plaintiff. Once it has been demonstrated that

lation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

[3] The plaintiff contends that in our decision in *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 363 A.2d 103 (1975), where we upheld a conclusion of the trial court that the hearing officer, who had "fed information" to a witness and had referred to the agency's witnesses as "our witnesses," had violated General Statutes § 4-181, we impliedly held that prejudice was not a requisite for such a violation. We disagree with this analysis. The opinion declares expressly that the conduct of the hearing officer indicated his lack of "impartiality"; id., 443; unlike the present case, in which the certified question presumes no evidence of prejudice.

a violation of § 4-181 has occurred, a presumption of prejudice must be deemed to arise. Although this presumption is rebuttable, the burden of showing that a prohibited ex parte communication by an adjudicator has not prejudiced a party must be allocated to the agency if § 4-181 is to fulfill its salutary purpose.

If we were to adopt the view of the Appellate Court that a plaintiff must prove not only that a violation of § 4-181 has occurred but also that the agency decision rendered thereafter has been prejudicially affected by the prohibited communication, it is difficult to perceive what purpose the statute would serve. Long before the advent of § 4-181 it had been held that a fundamental requirement of a fair administrative hearing is that "the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations which in other fields might have play in determining purely executive action." *Morgan* v. *United States,* 298 U.S. 468, 480, 56 S. Ct. 906, 80 L. Ed. 1288 (1936). "Nothing can be treated as evidence which is not introduced as such." Id. Ex parte communications with persons outside the agency are plainly improper under this standard for administrative adjudication. Even in the absence of such a statute, therefore, an ex parte communication by an adjudicator concerning a case before him would indicate that the decision had been "made upon unlawful procedure," a ground for reversal or modification specifically mentioned in § 4-183 (g) (3). A plaintiff who also showed "substantial prejudice" to his rights, satisfying the predicate established by § 4-183 (g) for relief upon any of the grounds enumerated therein, would thus be entitled to reversal or modification of the agency decision quite apart from § 4-181. If that statute is to be given any significant effect, as the legislature doubtless intended, we must place upon the agency that has violated its

provisions the burden of proving that no prejudice has resulted from the ex parte communication.

We would create a conundrum by imposing the burden of proving prejudice from an ex parte communication upon one challenging an agency decision, because an adjudicating official may not ordinarily be subjected to inquiry concerning the mental process used in reaching a decision. *United States* v. *Morgan,* 313 U.S. 409, 422, 61 S. Ct. 999, 85 L. Ed. 1429 (1941). The agency usually is in a better position to ascertain the content of any communications with its employees than is a party outside the agency, who often must depend on suspicion or rumor. At least where the content and circumstances of an ex parte communication are fully disclosed, a reviewing court can make an informed judgment as to the effect of the prohibited communication on the agency decision. Where an agency fails to present to a reviewing court the substance of any relevant information received by the adjudicator, it fails in its duty to provide a complete record of the basis for the decision. See General Statutes § 4-183 (d); *Home Box Office, Inc.* v. *FCC,* 567 F.2d 9, 54 (D.C. Cir.), cert. denied, 434 U.S. 829, 98 S. Ct. 111, 54 L. Ed. 2d 89, reh. denied, 434 U.S. 988, 98 S. Ct. 621, 54 L. Ed. 2d 484 (1977).

In *Aillon* v. *State,* 168 Conn. 541, 547, 363 A.2d 49 (1975), this court recognized the rule that a rebuttable presumption of prejudice is created by a judge's ex parte communication with a jury. Canon 3 of the Code of Judicial Conduct directs that a judge "neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding." Although administrative officials performing an adjudicative role are not ordinarily held to judicial standards of conduct; *Petrowski* v. *Norwich Free Academy,* 199 Conn. 231, 237, 506 A.2d 139 (1986); § 4-181 must be read to impose upon adjudicators an essentially similar duty

to avoid ex parte communications. It is appropriate, therefore, to assign to the agency, once a violation of § 4-181 has been proved, the burden of demonstrating that the prohibited communication probably was not prejudicial.

Our answer to the certified question of whether relief should be granted where an adjudicator has violated § 4-181 by an ex parte communication, "when the record is devoid of evidence tending to prove that the party seeking the relief has been prejudiced by the communication," is neither unqualifiedly affirmative or negative. We hold that, once the violation of § 4-181 has been proved by the party seeking relief, the burden shifts to the agency to prove that no prejudice has resulted from the prohibited ex parte communication.

## II

Our conclusion that the Appellate Court, as well as the trial court, erred in assuming that the burden of proving prejudice from a violation of § 4-181 rested on the plaintiff would ordinarily require that the judgment be reversed and the case remanded for further proceedings. Although the agency as the appellee has not, pursuant to Practice Book § 3012 (a),[4] filed a statement

---

[4] Practice Book § 3012 (a), which applied at the time of filing this appeal, provided in part: "If the appellee wishes to present for review alternate grounds upon which the judgment may be affirmed . . . he may file a preliminary statement of issues within fourteen days from the filing of the appeal." This provision has been redesignated § 4013 (a) (1), by an amendment effective October 1, 1986, which changes the last portion of the rule as follows: "he *shall* file a preliminary statement of issues within fourteen days from the filing of the *appellant's preliminary statement of the issues*." (Amended portion emphasized.) The amendment also added the following provision: "Whenever the failure to identify an issue in a preliminary statement of issues prejudices an opposing party, the court may refuse to consider such issue."

It should also be noted that on October 1, 1986, an amendment to Practice Book § 3060G (a), which has been redesignated § 4066, requires an appellee's brief to contain "[a] counter statement of any issue involved as to which the appellee disagrees with the statement of the appellant *or a*

of alternative grounds upon which to uphold the judgment in either this court or the Appellate Court, one paragraph of its brief does maintain that the failure of the plaintiff to seek disqualification of the adjudicator with reasonable promptness after becoming aware of the adjudicator's conversation with Brown constitutes a waiver of this procedural defect. Despite the agency's noncompliance with § 3012 (a), this court is authorized to rely upon alternative grounds supported by the record to sustain a judgment. *W. J. Megin, Inc.* v. *State,* 181 Conn. 47, 54, 434 A.2d 306 (1980); *State* v. *Assuntino,* 180 Conn. 345, 353, 429 A.2d 900 (1980). "The . . . judgment will be affirmed, though based on erroneous grounds, if the same result is required by law." *A & H Corporation* v. *Bridgeport,* 180 Conn. 435, 443, 430 A.2d 25 (1980); *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978).

It is clear from the transcript of the June 1, 1982 hearing that the plaintiff learned of the conversation between the adjudicator and Brown at the start of his cross-examination of that witness, if he had not discovered it previously. Nevertheless, he raised no objection to that impropriety until three months later at the second session of the hearing after having presented the extensive testimony of two state police officers in support of his defense. At that point in the proceeding, he referred specifically to § 4-181 as prohibiting the ex parte conversation with Brown, indicating his awareness of the statute at least by the time of the second hearing session. Even then, however, he did not move to disqualify the adjudicator but sought a dismissal of

---

*statement of any other grounds which were properly raised by an appellee under Sec. 4013.*" (Amended portion emphasized.) The amendment also provides: "Such statement shall be deemed in replacement of and shall supersede the preliminary statement of the issues." A provision identical to this last sentence has also been made applicable to an appellant's brief. See Practice Book § 3060F (a) (now § 4065 [a]).

the proceeding because of the violation of § 4-181. No request for a different adjudicator was made at any time.

"We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 616, 236 A.2d 466 (1967); see *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 517, 508 A.2d 415 (1986). Although the plaintiff did not actually know the outcome of the hearing when he finally made his motion to dismiss, he may have sensed from the testimony of the witnesses in response to some of the questions asked of them by the adjudicator that the adjudicator's decision on the merits would probably be adverse. The failure to raise a claim of disqualification with reasonable promptness after learning the ground for such a claim ordinarily constitutes a waiver thereof. *Windham Cotton Mfg. Co.* v. *Hartford, Providence & Fishkill R. R. Co.*, 23 Conn. 373, 384 (1854); *Groton and Ledyard* v. *Hurlburt*, 22 Conn. 178, 195 (1852); see *Timm* v. *Timm*, 195 Conn. 202, 205, 487 A.2d 191 (1985); *State* v. *Kohlfuss*, 152 Conn. 625, 630–31, 211 A.2d 143 (1965); 41 Am. Jur. 2d, Judges §§ 202, 203.

It is quite clear in this case that the plaintiff was aware of the ex parte communication as a ground for disqualification at the start of the hearing on June 1, 1982, and that he knew of the violation of § 4-181 before the September 7, 1982 session. His motion to dismiss the proceeding for this statutory violation was wholly inappropriate, because the disqualification of a particular adjudicator does not constitute a bar to a license suspension proceeding. Another adjudicator could have been assigned for that purpose. Even if we assume, arguendo, that his motion to dismiss should be treated as a motion to disqualify the adjudicator, the motion

came long after the plaintiff had become aware of the ground for disqualification relied upon and, nevertheless, had continued to participate at the hearing and to seek a favorable resolution of the proceeding on the merits. We conclude, therefore, that the plaintiff failed to raise the disqualification within any reasonable time frame after learning of the basis thereof and has thus waived it.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.