[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Matthew Coman appeals the decision of the Department of Motor Vehicles (Department) which suspended his motor vehicle operator's license for six months pursuant to General Statutes 14-227b. The appeal is brought pursuant to General Statutes 4-183. The court finds the issues in favor of the defendant Department.
In his brief, the defendant advances three bases for his appeal. The court addresses each one separately.
The first basis of the plaintiff's appeal is his contention that the procedure followed at the administrative hearing on his license suspension violated his right to due process of law under the United States and Connecticut constitutions. Specifically, he claims that it was improper for the hearing officer to act in a "dual capacity" as adjudicator and advocate in determining the admissibility and weight of evidence, in particular the arresting police officer's A44 report and attachments.
General Statutes 14-227b provides that the Department CT Page 3429 must suspend the operator's license of anyone who, having been arrested on a charge of operating under the influence, refuses to submit to a chemical blood alcohol test. Upon request, the Department must afford anyone a hearing before the suspension takes effect. Section 14-4a provides that the "hearing may be conducted by and the decision rendered therein by the commissioner (of motor vehicles) or by any person or persons designated by him."
In this case, the record discloses that the commissioner designated Attorney Thomas Donohue to conduct the hearing and render the final decision. The Department had the police officer's A44 report in accordance with the procedure established by section 14-227b(c), whereunder the police officer is obligated to mail the report to the Department. The report is admissible in evidence at the hearing if it conforms to section 14-227b(c). Volck v. Muzio, 204 Conn. 507, 518
(1987). Regulations of State Agencies 14-227b-19.
The plaintiff cites no authority to support his contention that it was a denial of due process for the hearing officer to offer and accept into evidence the police officer's A44 report in this case. Henderson v. Department of Motor Vehicles, 202 Conn. 453 (1987), which he does cite, is not in point. The count has examined the report, which is in the record, and concludes that it fully complies with the requirements of section 14-227b(c). in particular, the police officer swore to the truth of the report under penalty of false statement. Accordingly, it is admissible under the statutes, case law and regulations cited above. The plaintiff's contention that the role of the hearing officer and his ruling on the admission of the A44 report violated his due process rights cannot be sustained.
The second basis of the plaintiff's appeal is that the extra pages of narrative which were attached to the A44 form should not have been admitted in evidence because each of those pages was not separately executed by the police officer under oath. However, the face page of the A44 form contains instructions providing, in part, as follows:
 Attach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are sworn to under penalty of false statement.
As indicated, the face page contains the police officer's signature under penalty of false statement as CT Page 3430 required by General Statutes 14-227b(c). On the same page, the police officer incorporated the extra attached pages by indicating "See Narrative section of report." Each such attached page bore the signatures of the arresting officer and his supervisor and was dated the same date as the face page. The plaintiff's only objection is that each page was not sworn to. There is, however, no requirement in the statutes, regulations or case law for such a precaution, and common sense indicates that it would be, at most, an empty formality.
The plaintiff's last basis of appeal is his contention that there was insufficient evidence on which the hearing officer could base a finding that the plaintiff refused to submit to a chemical test. He supports this argument by pointing to the fact that the police officer neglected to check the box in Section E of the A44 form to show which test the officer requested the plaintiff to take. However, the narrative section of the report, which the court has ruled admissible, plainly states that the plaintiff twice refused to submit to the intoximeter breath test and then created a disturbance in the police department booking room. Moreover, the police officer indicated in several places on the printed portion of the A44 form that the plaintiff refused to submit to a test. Finally, in compliance with 14-227b(c), an additional witness signed a statement that the plaintiff refused to submit to a test. The court concludes that there was substantial evidence to support the hearing officer's finding that the plaintiff refused to be tested, and the court may not, therefore, disturb that finding. Lawrence v. Kozlowski,171 Conn. 705 (1976).
The appeal is dismissed.
MALONEY, JUDGE