[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO QUASH #143 and 144
This case comes to this court on two motions to quash. Motion #143.00 seeks to quash a subpoena issued to Superior Court Judge Joseph Flynn. Motion #144.00 seeks to quash a subpoena to Superior Court Judge John J.P. Ryan.
The law does not encourage the calling of a judge as a witness in subsequent proceedings in a case over which the judge presided. Woodward v. Waterbury, 113 Conn. 457, 465 (1932). Only where there is a compelling need for a judge's testimony as to observed facts should a judge not be precluded from testifying. Gold v. Warden,222 Conn. 312, 320 (1992. In the present case, the plaintiff has not shown or even alleged a compelling need for the judge's testimony as to any observed facts. CT Page 3676
In the Gold case, Judge Lavery testified on Subpoena.
In Gold, Judge Lavery's testimony was found to be necessary because it concerned his personal observations. The petitioner defendant was tried four times for the crime of murder. Following his ultimate conviction, the petitioner-defendant filed a writ of habeas corpus on the ground that he had been incompetent to stand trial. He sought to elicit testimony from Judge Lavery regarding the judge's personal observations of the petitioner-defendant's demeanor during trial. It was expected that the judge would testify that the petitioner-defendant was sleepy and appeared to be in a trance during trial. "the avowed purpose of . . . Judge Lavery's contemplated testimony was to elicit his observations of the petitioner's behavior during the . . . trial, not his mental processes in arriving at judicial decisions." Gold, supra at 319, n 11.
Because no factual testimony is expected from the judges in the present case, the likelihood of questioning their mental processes is great. An examination of the mental process of a judge in arriving at a judicial decision should not be permitted. United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999,85 L.Ed. 1429 (1941); Henderson v. Dept. of Motor Vehicles, 202 Conn. 453,459 (1987). In the plaintiff's objection to the motion to quash, she points out that the judge's acts were void due to a jurisdictional defect. This being so, it is incongruous that she should want to question them on them.
The plaintiff sets forth another argument in her objection. She notes that our country was founded on the notion that all men are created equal. Citing the Gettysburg Address and the Declaration of Independence, she argues that in the U.S., no one is entitled to privileges over anyone else. From this she concludes that judges are equal to every other citizen and therefore, judges may be called to testify just like every other citizen. The plaintiff ignores the fact that many well-settled, sound laws create privileges which can preclude testimony from persons occupying a particular status. Does she suggest we abandon the attorney/client privilege, the spousal privilege, the doctor/patient privilege, and all the others in an effort to treat all men equally?
The reason for precluding the judge's testimony overrides our constitutional aspirations to treat all men equally. The mental processes of an adjudicating official may not be the subject of CT Page 3677 inquiry following the decision. Henderson, supra 459. Counsel should never summon [the judge] to testify if the rights of their clients can be otherwise protected. Woodward at 465.
Because plaintiff has shown no compelling need for the judge's testimony as to their observation of fact, the motions to quash are granted.
KARAZIN, J.