[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Patrick Menillo appeals the decision of the defendant commission on human rights and opportunities awarding money damages and equitable relief to defendants Tyrone Cohen and Antoinette Hutchinson. The commission acted pursuant to General Statutes §§ 46a-64c
and 46a-86 based upon its finding that the plaintiff discriminated against Cohen and Hutchinson because of their race by refusing to rent them an apartment. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendants. CT Page 7832
On July 26, 1993, Cohen and Hutchinson filed a complaint with the commission alleging that the plaintiff denied them the opportunity to rent an apartment that he was offering for rent in a building he owned on Garfield Avenue in Bridgeport. They alleged further that the plaintiff refused them because of their race. In accordance with General Statutes § 46a-83, the commission appointed an investigator to investigate the complaint to determine whether there was reasonable cause to believe that an act of illegal discrimination had occurred.
Following her investigation and the receipt of comments on the evidence from the complainants and the landlord (the plaintiff in this appeal), the investigator rendered her report in which she stated findings of fact and her conclusion that reasonable cause existed for believing that the plaintiff committed acts of illegal discrimination against Hutchinson and Cohen.
In accordance with General Statutes § 46a-84, the commission appointed a hearing officer, who proceeded to conduct the hearing required by that statute. The statute provides, in part, "The hearing shall be a de novo hearing on the merits of the complaint and not an appeal of the commission's processing of the complaint prior to its certification (by the commission for a hearing)."
The hearing consumed two days. Eight witnesses testified, including the plaintiff, Cohen and Hutchinson, and a real estate agent who testified that he witnessed the plaintiff's overt act of discrimination. The hearing officer also admitted numerous documents into the record, including the investigator's report and determination of reasonable cause.
Following the hearing, the hearing officer rendered his final decision. In that decision, the hearing officer found that Hutchinson and Cohen, a young black couple, had consulted a real estate agent, Ivan Yakolev, to help them in their search for an apartment to rent. Yakolev took Hutchinson and Cohen to look at an apartment owned by the plaintiff and which had been listed for rent in the realtor's multiple listing service. The hearing officer found that when Yakolev spoke to the plaintiff CT Page 7833 alone, the plaintiff stated that realtors were bringing "too many niggers and spics" to apply for the apartment. The hearing officer found that when the plaintiff saw Cohen, the plaintiff became incensed and shouted, "Get these mother fuckers off my house or I'll call the cops." The realtor thereupon left with Cohen and Hutchinson.
Based upon the facts found by the hearing officer, summarized above, the hearing officer determined that the plaintiff had illegally discriminated against Cohen and Hutchinson in violation of § 46a-64c(a)(1) and (2), which prohibit discriminatory practices in the rental of housing on account of race. The hearing officer issued orders requiring the plaintiff to cease and desist from further discriminatory practices, to submit to certain compliance procedures, and to pay compensatory damages and attorney fees.
The plaintiff advances essentially two arguments in support of his appeal of the hearing officer's decision: (1) that the commission and the hearing officer violated § 4-181, prohibiting ex parte communications, and (2) that the hearing officer's factual findings were erroneous.
The plaintiff contends that the commission violated § 4-181 when it provided the hearing officer with a copy of the investigator's report prior to the hearing. The plaintiff claims that the hearing officer violated the statute when he admitted the report as part of the administrative record.
Section 4-181(a) provides, in relevant part, that "no hearing officer or member of an agency who . . . is to render a final decision . . . shall communicate, directly or indirectly, in connection with any issue of fact, with any person or party . . . without notice and opportunity for all parties to participate." Subsection (c) of the statute provides in relevant part that "no party . . . in a contested case . . . shall communicate, directly or indirectly, in connection with any issue in that case, with a hearing officer or any member of the agency . . . without notice and opportunity for all parties to participate in the communication." CT Page 7834
The plaintiff's argument concerning the investigator's report is flawed in several respects. First, the essence of an illegal ex parte communication is that other parties to the agency proceeding have no notice or opportunity to participate. In the present case, the commission made the "communication" to the hearing officer but all of the parties had an opportunity to participate. Prior to issuing the report, the investigator solicited comments from all parties, including especially the plaintiff. The commission then sent copies of the final report to all parties, including especially the plaintiff. At the hearing, the commission in no way sought to hide the report; to the contrary, the commission proffered the report as an exhibit in the record and there ensued argument as to its admissibility in which all parties participated, including especially the plaintiff. In short, the undisputed facts underlying the plaintiff's claim on this issue indicate that the commission's furnishing the hearing officer with a copy of the investigator's report did not constitute an ex parte communication of the kind proscribed by § 4-181.
Second, even if the furnishing of the report to the hearing officer were construed to be a prohibited ex parte communication, and assuming arguendo that the plaintiff was prejudiced thereby, the plaintiff failed to seek the disqualification of the hearing officer after learning of the communication, which would have been the appropriate action and remedy. Accordingly, he waived any objection to the hearing officer's continued participation in the proceeding. Henderson v. Departmentof Motor Vehicles, 202 Conn. 453, 462-463 (1987).
The plaintiff's remaining argument on this issue is that the hearing officer wrongly admitted the report as part of the record. When the commission attorney proffered the report, he and counsel for the complainants stated that it was offered solely for the purpose of establishing that the statutory prerequisites to the hearing had been met, one of those being that the commission had determined the existence of reasonable cause. See § 46a-84(a) and (b). The hearing officer specifically accepted the report for that purpose alone, stating "understanding that (the report is) offered solely for the purposes of establishing the prerequisites CT Page 7835 to this hearing and have no evidentiary significance, I'm going to admit them into evidence as record exhibits, not as evidence . . . (The report is) going to be received simply so that the record will reflect that those steps have been taken."
The plaintiff points to nothing in the record or elsewhere to indicate that the hearing officer ever considered the investigator's report in any way or for any purpose other than as he stated when he accepted it as part of the record of the administrative proceeding.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act . . . and the scope of that review is very restricted. . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988).
Under all of the circumstances, which appear to be beyond dispute, the hearing officer's ruling on the report was not unreasonable or an abuse of his discretion. It provides no basis for reversing his final decision.
The plaintiff next mounts a paragraph by paragraph attack on the hearing officer's factual findings, disputing his assessment of the credibility of the witnesses, the inferences he draws from the witnesses' testimony, and the thought processes followed by the hearing officer in arriving at his findings.
The statutory and case law authority is absolutely unequivocal in prohibiting the court from interfering in the factfinding function of an administrative agency, whether that function be performed by the agency head or by a properly designated hearing officer. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The CT Page 7836 court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
Our courts have elaborated on the statutory rule "The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183. . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule. . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989)
Substantial evidence does not mean undisputed evidence. "The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney,234 Conn. 312, 319-320 (1995), quoting Samperi v. InlandsWetlands Agency, 226 Conn. 579, 587-588 (1993).
In his decision in the present case, the hearing officer observes that:
 The evidence in this case was marked by an extraordinary number of contradictions and inconsistencies, extending even to the date and the day of the week on which the events out of which the claims arise occurred. Those events themselves were in dispute by the parties on virtually every component. It thus CT Page 7837 became necessary, to resolve this matter, to weigh most carefully the credibility of the witnesses in the light of all those factors which bear on that issue.
A review of the evidence in the record, including the transcript of the hearing, confirms the hearing officer's assessment of the task that was before him. It was the classic task of the legally designated trier of the facts. In the court's view, the hearing officer performed his task admirably. His decision is clear, thorough and well reasoned. Of course, he finds some witnesses to be credible; others, the plaintiff in particular, not credible. The law required him to make such distinctions where necessary.
In setting forth his reasoning, the hearing officer exposed his decision to a detailed attack by the plaintiff. But even if the court were to disagree with inferences the hearing officer may have drawn, which it does not, that would not empower the court to usurp the hearing officer's function as ultimate judge of the facts. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken."Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
There is in the record ample and substantial evidence to support the hearing officer's findings. Accordingly, the court may not disturb those findings and must affirm the decision.
The appeal is dismissed.
MALONEY, J.