[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the Freedom of Information Commission (FOIC) which found that New Haven Community Television, Inc. (NHTV) is not a public agency for purposes of the Freedom of Information Act (FOIA), General Statutes §§ 1-7, et seq. Plaintiff's appeal is authorized and is brought pursuant to General Statutes §§ 1-21 (d) and CT Page 19294-183(b) of the Uniform Administrative Procedures Act (UAPA) General Statutes §§ 4-166, et seq. The court finds the issues for the defendant and the appeal is dismissed.
The plaintiff, Iris David, brought two complaints to the FOIC alleging that she had been improperly excluded from an NHTV meeting and denied NHTV records in violation of the FOIA. The FOIA consolidated Ms. David's complaints against NHTV and held hearings on May 15, and June 19, 1996. The FOIC Commissioner was the hearing officer for such decisions. In decisions FIC-1995-353 and FIC 1996-001 issued November 22, 1996, the FOIC determined that NHTV is not a public agency and, thus, not governed by the FOIA. Ms. David's complaints were thus dismissed for lack of subject matter jurisdiction. Ms. David is aggrieved by such decisions.
This appeal was timely filed on January 2, 1997. The record and supplemental record were filed by June 16, 1997. Briefs were filed by the plaintiff on July 21, 1997, and defendant on August 20, 1997. The parties were heard in oral argument on February 10, 1998.
The dispositive issue in this case is whether the NHTV is a public agency within the meaning of § 1-18a(a).
The court reviews the issues in accordance with the limited scope of judicial review afforded by the UAPA.Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183 (j)[1] and is very restricted. Cos Cob Volunteer Fire Co. No. 1, Inc. v. FOIC,212 Conn. 100, 104 (1989); New Haven v. FOIC, 205 Conn. 767,774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C.H. Enterprises Inc.v. Commissioner of Motor Vehicles, 176 Conn. 11, 12 (1978). "The conclusion reached by the defendant must be upheld if it is legally supported by the evidence . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. Hart Twin Valve Corp. v.Commissioner of Motor Vehicles, 165 Conn. 42, 49 (1973). See Paul Bailey's Inc. v. Kozlowski, 167 Conn. 493, 496-97
(1975)." Lawrence v. Kozlowski, 171 Conn. 705, 708 (1976), CT Page 1930 cert. denied, 431 U.S. 969 (1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency in issuing its orders, acted unreasonably, arbitrarily or in abuse of its discretion." Dolgner v.Alander, supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question of law. . . . Although the factual and discretionary determination of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not administrative agencies, to expound and apply governing principles of law." (Citations and internal quotations omitted.) Connecticut Humane Society v. FOIC,218 Conn. 757, 761-62 (1991); Domestic Violence Service ofGreater New Haven. Inc. v. FOIC, 47 Conn. App. 466, 470-71
(1998).
In the Domestic Violence case the Appellate Court recently reviewed the very issue of "public agency":
 Our Supreme Court was first asked to construe the term "public agency" in Board of Trustees v. Freedom of Information Commission, supra, 181 Conn. 544. In Board of Trustees, our Supreme Court adopted the "functional equivalent" test of the federal courts to determine whether an entity is a public agency. Id., 553. Federal courts have consistently rejected formalistic arguments such as that of the commission in this appeal. See id. "[A]ny general definition [of any agency] can be of only limited utility to a court confronted with one of the myriad organizational arrangements for getting the business of the government done . . . . The unavoidable fact is that each new arrangement must be examined anew and in its own context.' Washington Research Project Inc. v. Dept. of Health. Education Welfare, [504 F.2d 238, 245-46 (D.C. Cir. 1974), cert. denied 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975)]." Id., 554. "The major and discrete criteria which federal courts have utilized in employing a functional equivalent test are: (1) whether the entity performs a governmental function; (2) the level of government funding; (3) the extent of government involvement CT Page 1931 or regulation; and (4) whether the entity was created by the government." Id.
 Domestic Violence Services of Greater New Haven, Inc. v. FOIC, supra, 47 Conn. App. 473.
The first prong of the functional equivalent test is whether the entity performs a governmental function. NHTV "runs the educational and government channels for the town (North Haven) and airs educational programming, political forums, speeches and other town related affairs for viewing by town residents." Such services certainly have not constituted traditional government services. They are analogous to media services which are not governmental functions.[2]
NHTV receives approximately two thirds of its budget from the Cable Advisory Council. These funds are provided by TCI the private for profit cable television company pursuant to its franchise agreement. The Department of Public Utility Control (DPUC) direction to TCI to pay this money does not make the money public funds. Neither does the transmittal from TCI through the Cable Advisory Council to NHTV. The funds from TCI are private funds; thus, the funding of NHTV is primarily private. Only ten percent of NHTV is provided by the town of North Haven.
NHTV as a public educational and governmental provider is subject to DPUC regulations pursuant to General Statutes §§ 16-331, et seq. These regulations, however, do not impose extensive or day to day supervision upon NHTV. The extent of governmental involvement in NHTV is quite limited.
NHTV was created as a private nonprofit organization by a group of North Haven residents and incorporated in 1989, NHTV was not created by the government.
NHTV meets none of the criteria which would serve to establish a functional equivalency of a public agency.
In Domestic Violence it was noted at 47 Conn. App. 475: "Courts have held that entities that are the functional equivalent of a public agency have the power to govern or to regulate or to make decisions." Clearly, NHTV has no such power or authority. CT Page 1932
At oral argument, plaintiff for the first time asserted that the hearing officer should have recused himself because of his service on a Cable Advisory Council.[3] The plaintiff by failing to raise this issue before the hearing officer or the FOIC has waived any claim to raise this issue. The hearing officer stated on the record that he served on the council. The plaintiff's failure to object precludes her from moving for recusal at this late date. See, Jutkowitzv. Department of Health Services, 220 Conn. 86, 95 (1981) and Dragan v. Medical Examining Board, 223 Conn. 618, 629-32
(1992). Also see Henderson v. Department of Motor Vehicles,202 Conn. 453, 462 (1987). "The failure to raise a claim of disqualification with reasonable promptness after learning learning the ground for such a claim ordinarily constitutes a waiver thereof."
If the issue had been properly raised and presented it is hard to imagine that it would affect the result. The FOIC decisions find that Cable Advisory Councils are in fact public agencies. It is hard to imagine the conflict for an unrelated Cable Advisory Council member in determining the public agency status of a local cable provider.
"It has been generally recognized . . . that due process does not require that members of administrative agencies adhere in all respects to the exalted standards of impartiality applicable to the judiciary . . . A presumption of impartiality attends administrative determinations, and the burden of establishing a disqualifying interest on the part of an adjudicator rests upon the one seeking disqualification." Rado v. Board of Education,216 Conn. 541, 556 (1990). There is a presumption that agency administrators who serve as adjudicators are unbiased.Clisham v. Board of Police Commissioners, 223 Conn. 354, 362
(1992). This rule is in line with the more general presumption that public officials are presumed to have done their duty until the contrary appears. Leib v. Board ofExaminers for Nursing, 177 Conn. 78, 84 (1979). The burden of proof is, of course, on the person making the accusation and it is a heavy burden. The person must demonstrate either actual bias or the existence of circumstances indicating "a probability of such bias too high to be constitutionally tolerable." Rado v. Board of Education,216 Conn. 541, 556 (1990). CT Page 1933
The canons of judicial ethics for disqualifying a judge for bias or prejudgment do not apply to administrative hearing officers. "The mere appearance of bias that might disqualify a judge will not disqualify an arbitrator." The test for disqualification has been succinctly stated as being whether "a disinterested observer may conclude that (the administrative hearing officer) has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it." (Emphasis added.)Transportation General, Inc. v. Insurance Department,36 Conn. App. 587, 592-593 (1995).
The FOIC decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.